UNITED STATES of America, Appellee,

v.

Raymond PEDROLI, Appellant.

No. 91–3191.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1992.

Decided Oct. 29, 1992.

Rehearing and Rehearing En Banc
Denied Dec. 22, 1992.

Irl B. Baris, St. Louis, Mo., argued, for
appellant.

Joseph M. Landolt, St. Louis, Mo., argued (Stephen B. Higgins and Joseph M. Landolt, on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Raymond Pedroli pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a) (1988). The district court[1] sentenced Pedroli to seventy-eight months imprisonment. Pedroli appeals and we affirm.

## I. BACKGROUND

On March 22, 1991, Pedroli was charged in a superseding indictment with five counts of bank robbery. Trial started on June 17, 1991, and Jeffrey Graham testified as the first government witness. Graham testified that on May 18, 1989, Pedroli approached him and asked if he wanted to rob a bank. Graham stated that once he agreed, Pedroli outlined his plan, which included wearing a disguise, using a demand note, approaching one teller, and avoiding the acceptance of a dye-pack[2] among the currency. He testified that on that same day, Pedroli drove him to a bank, he entered and robbed the bank while Pedroli waited in the car, and the two of them split the proceeds from the robbery. Graham was cross-examined concerning the details of the robbery, but the court declared a mistrial during the government's redirect examination of Graham. Before the start of a second trial, Pedroli pleaded guilty to three counts of the indictment and the government dismissed the remaining two counts.

Prior to sentencing, the United States Probation Office prepared a Presentence Report (PSR). The Probation Office determined that Pedroli's total offense level was 23 and his criminal history category was IV, resulting in a sentencing range of 70 to 87 months. The PSR stated that Pedroli had seven criminal history points; he received three of those points for a 1984 conviction under the Youth Corrections Act and one point for a 1983 DUI conviction in Illinois. Based on the PSR and Graham's testimony concerning Pedroli's role in the bank robbery, the district court sentenced Pedroli to 78 months of imprisonment and three years of supervised release under each count. Pedroli appeals his sentencing.

## II. DISCUSSION

### A. Use of Hearsay at Sentencing

Pedroli contends that his constitutional rights were violated at sentencing due to the court's reliance on hearsay contained in the PSR. We reject Pedroli's argument based on our recent decision in *United States v. Wise*, 976 F.2d 393 (8th Cir.1992) (en banc) (six judges concurring, one judge concurring specially, two judges concurring in part and dissenting in part, and two judges dissenting). In *Wise*, we held that a court may consider hearsay during the sentencing phase of trial because sentencing does not "constitute[ ] a separate criminal proceeding" to which the right of confrontation applies. *United States v. Wise*, 976 F.2d at 398 (8th Cir. 1992) (en banc). We cautioned, however, that "in certain instances a sentence may so overwhelm or be so disproportionate to the punishment that would otherwise be imposed absent the sentencing factors mandated by the Guidelines that due process concerns must be addressed. This may occur where '... a sentence is so greatly increased as a result of considering relevant conduct that the conduct essentially becomes an element of the offense....'" *Id.* at 401. In this case, Pedroli was sentenced to 78 months based on an offense level of 23 and a criminal history category of IV. Assuming, without deciding, that Pedroli would not have received a two-level increase without the use of hearsay in the PSR, his base offense level would be 21

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. A dye-pack, which resembles a stack of currency, is a device that detonates and emits a smoky red dye and tear gas.

and his guideline sentencing range would have been between 57 and 71 months. This does not raise due process concerns because the increase in Pedroli's offense level amounted to less than a two-fold increase in sentencing. *See Wise*, at 401 (two-fold increase does not raise due process concerns); *United States v. Galloway*, 976 F.2d 414, 426 (8th Cir.1992) (en banc) (five judges dissenting from a panel of twelve judges) (three-fold increase does not offend due process). The substantial dissenting opinions in the above en banc cases of *Wise* and *Galloway* do indicate a considerable area of disagreement on the issue here posited, but as a panel we are bound to follow the majority opinions both in en banc and prior panel opinions. Finally, concerning the reliability of the hearsay in the PSR, we note that the hearsay evidence was corroborated by the testimony of Jeffrey Graham at the aborted trial. Graham was subjected to vigorous cross-examination and the trial judge was able to assess the credibility of Graham's testimony.

### B. Role in the Offense

■ Pedroli argues the court erred in enhancing his base offense level under Section 3B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") for his role as an organizer or leader of a criminal enterprise.[3] The district court considers the following factors in determining whether § 3B1.1 is applicable:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. .

---

**3.** Section 3B1.1(c) provides that the defendant's offense level must be increased by two levels "[i]f the defendant was an organizer, leader, or manager, or supervisor in any criminal activity ..." U.S.S.G. § 3B1.1(c) (1991).

**4.** Because we affirm the district court's finding that Pedroli had an offense level of 23 under

U.S.S.G. § 3B1.1, comment. (n. 3) (1991). The court's determination of whether Pedroli had an aggravating role in the bank robbery "[is] a fact question for the district judge to resolve" and we will not reverse the district court's findings unless they are clearly erroneous. *United States v. Collar*, 904 F.2d 441, 442 (8th Cir.1990) (citation omitted).

The government contends there was ample evidence to support the two-point enhancement. We agree. Graham testified that Pedroli recruited him to commit the crime, provided him with the baseball hat, sunglasses and demand note, and organized the bank robbery. Section 1B1.3(a)(2) provides, in part, that the aggravating role adjustment "shall be determined on the basis of ... all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (1991). "Given the broad definition of those who are subject to enhanced sentences under section 3B1.1," *United States v. Schwarck*, 961 F.2d 121, 123 (8th Cir.1992) (citations omitted),[4] the district court did not err in finding that Pedroli acted as an organizer or supervisor of the bank robbery within the definition of 3B1.1.

### C. Criminal History Category

■ Pedroli contends the district court erred in calculating his criminal history category. He first argues the court's assignment of three criminal history points under § 4A1.1(a) was improper because his sentence under the Youth Corrections Act, 18 U.S.C. § 5017(c) (repealed 1984), is not a "prior sentence" within the definition of the Guidelines. We review the district court's determination of a defendant's criminal history score under the clearly erroneous standard. *United States v. Lowe*, 930 F.2d 645, 646–47 (8th Cir.1991). Section 4A1.1(a) mandates that three points be

Count I, Pedroli's argument concerning his enhancement under Count III is moot. The court ordered the sentences pursuant to Counts I, II, and IV to run concurrently and any change under Count III would have no effect on Pedroli's sentence. *See* U.S.S.G. § 3D1.1 (1991).

added for each prior sentence of imprisonment exceeding one year and one month. The Guidelines define a prior sentence as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendre, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Pedroli argues that because he was sentenced under the Youth Corrections Act to the custody of the Attorney General for an indeterminate period, he was not given a sentence of imprisonment exceeding one year and one month. In determining the length of the sentence for purposes of § 4A1.1(a), the Guidelines direct that the length of sentence of imprisonment is the stated maximum, not the length of time actually served. U.S.S.G. § 4A1.2, comment. (n. 2); *United States v. Shinners*, 892 F.2d 742, 743–44 (8th Cir. 1989). When the length of the sentence imposed is indeterminate, we look to the maximum possible length of time that could have been served. *Id.* By operation of law, the maximum sentence Pedroli faced was six years imprisonment. 18 U.S.C. § 5010 (repealed 1984).[5] Because the maximum length under the Act exceeds the one year and one month requirement of § 4A1.2, we find no error in the district court's application of § 4A1.1(a).

Pedroli also argues it was improper for the court to add one point under U.S.S.G. § 4A1.1(c) for an Illinois conviction for Driving Under the Influence ("DUI"). Pedroli admits that if the Illinois conviction were for a DUI, the court should add one point to his criminal history score. He argues, however, that he was charged only with careless and reckless driving, which would not result in a one point addition to his score. The government contends the Illinois court documents indicate that Pedroli was charged with a DUI and there is no evidence to support his claim that his DUI violation was reduced to a careless and reckless driving violation. In reviewing the court's determination under the clearly erroneous standard, *Lowe*, 930

F.2d at 646–647, we hold the court did not err in adding one point under § 4A1.1(c) to Pedroli's criminal history category. Although Pedroli claimed he was charged with reckless driving, he offered no evidence to support his position and the court properly relied on the Monroe County court documents that indicated Pedroli was charged with a DUI violation.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

---

5. The Youth Corrections Act provided that a "youth offender ... shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction." 18 U.S.C. § 5010 (repealed 1984).