25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Van IVEY, Defendant-Appellant.
 No. 93-5120.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1994.
Decided June 10, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CR-92-103, CR-92-244)
 Stanford E. Lacy, Collins & Lacy, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., James M. Griffing, Asst. U.S. Atty., Columbia, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dennis Van Ivey pled guilty to a felony information in the District of South Carolina charging him with one count of transporting forged or altered securities in interstate commerce, in violation of 18 U.S.C.A. Sec. 2314 (West Supp.1994), and to the first of four counts of an information from the Western District of North Carolina charging him with bank fraud, in violation of 18 U.S.C.A.Sec. 1344 (West Supp.1994).[1] These convictions stemmed from Ivey's fraudulent alteration of automobile odometers and certificates of title, and his use of false social security numbers to obtain financing for the purchase of automobiles from various banks. Pursuant to the federal sentencing guidelines,[2] he was sentenced for both convictions to twenty-one months imprisonment with three years of supervised release, and ordered to make restitution in the amount of $56,359 to the First Citizens Bank and Trust Company for losses resulting from the bank fraud described in the first paragraph of the North Carolina indictment. He now appeals from the sentence imposed. We affirm.
 
 I.
 
 2
 Ivey first challenges the district court's consideration at sentencing of the bank fraud described in the third paragraph of the North Carolina information, which resulted in a loss of $13,170 to the First Union National Bank of Wilkesboro, North Carolina.[3] Ivey contends that considering this loss as relevant conduct under guideline section 1B1.3, for purposes of establishing an appropriate offense level and adjustments, violated his due process rights, because the wrongs alleged in the dismissed paragraph were not proved beyond a reasonable doubt and he was not provided with a trial by jury. We have reviewed this claim de novo, United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989), and affirm.
 
 
 3
 Interpreting guideline section 6A1.3(a), which allows the sentencing court to consider any information with "sufficient indicia of reliability to support its probable accuracy[,]" we held in United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.), cert. denied, 493 U.S. 943 (1989), that findings made for purposes of sentencing need only meet a preponderance of evidence standard in order to comport with due process. We have consistently applied the preponderance of evidence standard in cases such as this, where the relevant conduct calculation is at issue. E.g., United States v. Hicks, 948 F.2d 877, 883 (4th Cir.1991); United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990); United States v. Williams, 880 F.2d 804, 806 (4th Cir.1989). In light of these precedents, Ivey's constitutional challenge to guideline section 1B1.3 must fail. The district court followed those procedures for resolution of disputed sentencing factors stated in guideline section 6A1.3 and ultimately adopted the findings contained in the presentence report. This was clearly sufficient.
 
 II.
 
 4
 Ivey next asserts that using the loss referenced in dismissed paragraph three of the North Carolina information to enhance his sentence violated the terms of his plea agreement with the government. This issue was not raised below and is thus reviewed for plain error only. Fed.R.Crim.P. 52(b).
 
 
 5
 No plain error is evident here. Ivey's plea agreement provided that he would plead guilty to the first paragraph of the North Carolina information in exchange for dismissal of the remaining charges. The government made no promises concerning sentencing use of the information contained in the dismissed paragraphs. On the contrary, the plea agreement emphasized that Ivey would be sentenced pursuant to the federal sentencing guidelines and that the exact sentence under the guidelines was a discretionary matter with the district court. Ivey's claim is thus factually unsupported. Additionally, we have expressly held that charges dismissed pursuant to a plea agreement may be considered for purposes of determining relevant conduct at sentencing. Williams, 880 F.2d at 805-06.[4]
 
 III.
 
 6
 Ivey's final claim concerns the district court's consideration of a prior conviction imposed when Ivey was eighteen years of age for purposes of calculating his criminal history score, without first establishing how old Ivey was when the underlying offenses were committed. Having reviewed this claim de novo, Daughtrey, 874 F.2d at 217, we affirm.
 
 
 7
 The appellate record reveals that Ivey turned eighteen on August 28, 1975. On March 9, 1976, he was arrested for larceny and breaking and entering, and was subsequently convicted and sentenced to an indeterminate sentence of one day to ten years. The conviction and sentence were entered by the North Carolina Superior Court, which has exclusive jurisdiction over adult felony offenses. N.C. Gen.Stat. Sec. 7A-523 (1989). Ivey served approximately fourteen months of his sentence before being released. Although he was clearly convicted for these charges after he turned eighteen, his age at the time of committing the underlying offenses was never established, and Ivey asserted at the sentencing hearing that he could not recall the date of the offenses.
 
 
 8
 We conclude that Ivey's exact age on the date of these prior offenses was irrelevant for sentencing purposes. Guideline section 4A1.2(d)(1) provides that three additional points are to be added to the criminal history calculation for offenses committed before the defendant reached the age of eighteen, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month[.]" This provision parallels guideline section 4A1.1(a), which applies to prior offenses committed at the age of eighteen or older. In both cases, three points are added to the criminal history score if the sentence imposed on the prior conviction exceeded one year and one month.
 
 
 9
 It is the length of the sentence imposed rather than the time actually served which is relevant for purposes of computing the criminal history score. U.S.S.G. Sec. 4A1.2, comment. (n.2). When a defendant is given an indeterminate sentence, the stated maximum constitutes the length of sentence. Id.; see also United States v. Carrillo, 991 F.2d 590, 592-93 (9th Cir.) (indeterminate sentence counted based on stated maximum for purposes of U.S.S.G. Sec. 4A1.2), cert. denied, 62 U.S.L.W. 3250 (U.S.1993); United States v. Pedroli, 979 F.2d 116, 119 (8th Cir.1992) (same). Hence, in this case, ten years is the relevant length of time. Because ten years exceeds the one year and one month period referenced in both guideline sections 4A1.1(a) and 4A1.2(d)(1), three points were appropriately added to Ivey's sentence, whether or not the underlying offenses were committed prior to his eighteenth birthday.
 
 
 10
 Finding Ivey's claims to be without merit, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The North Carolina information was transferred to the District of South Carolina pursuant to Fed.R.Crim.P. 20
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov.1992)
 
 
 [3]
 Although Ivey also challenges information contained in dismissed paragraph two of the information, the appellate record reveals that only those losses identified in dismissed paragraph three entered into the sentencing calculation
 
 
 [4]
 The case upon which Ivey primarily relies to support his argument to the contrary, United States v. Goldfaden, 959 F.2d 1324, 1327-29 (5th Cir.1992), concerned a plea agreement in which the government promised to make "no recommendation" concerning sentencing, and is thus factually distinguishable from the present case. Ivey's additional assertion that we should take this opportunity to extend the logic of United States v. Fant, 974 F.2d 559 (4th Cir.1992), which limited the use of information resulting from cooperation agreements at sentencing, to cases such as this is unpersuasive in light of the clear language of guideline section 1B1.8(b)(1) and our decision in Williams