UNITED STATES of America, Appellee,

v.

**Bessie Mae EVANS, Appellant.**

UNITED STATES of America, Appellee,

v.

**James KEMP, also known as
Gary Dawson, Appellant.**

UNITED STATES of America, Appellee,

v.

**Gregory JACKSON, Appellant.**

**Nos. 93–3913, 93–3937 and 94–1019.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1995.

Decided April 4, 1995.

Deborah Ellis, St. Paul, MN, argued, for Bessie Evans.

Steven Pihlaja, Minneapolis, MN, argued, for James Kemp.

Kent Brody, Chicago, IL, on brief, for Gregory Jackson.

Denise Reilly, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before BOWMAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Bessie Mae Evans, James Kemp, and Gregory Jackson entered pleas of guilty to various drug-related charges. The district court[1] sentenced the defendants to terms of 50 months, 40 months, and 151 months respectively. On appeal, the defendants challenge the district court's offense level calculations. They contend that they are each entitled to a reduction in offense level for acceptance of responsibility.[2] We affirm.

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2. In her brief, Evans contends that the district court erred in using a 1985 conviction to calculate her criminal history points. She contends there was no proof that she was represented by counsel in the 1985 proceeding. At oral argument, however, Evans's counsel correctly conceded that this argument is foreclosed by a Supreme Court decision handed down during the pendency of this appeal. *See Nichols v. United States,* —— U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). A heading in Evans's brief also challenges the use of a "petty misdemeanor ordinance violation" in calculating her criminal history points. This argument is not addressed in the body of the brief and was not mentioned at oral argument. Evans has thus abandoned the issue and we do not address it here.

## I. BACKGROUND

On May 11, 1993, security personnel at a Minneapolis hotel called police to report suspicious activity in three hotel rooms, one of which was occupied by Gregory Jackson. While police officers were establishing surveillance, they were notified that Jackson was checking out, even though his room was prepaid for another day. Officers then observed Jackson leaving the hotel with James Kemp. Kemp and Jackson got into a vehicle driven by Bessie Mae Evans.

Shortly after the defendants left the hotel, police stopped their vehicle. Kemp was found with a pager and some cash. Jackson was carrying a bag which contained 188.1 grams of cocaine base and 317.4 grams of cocaine. Evans, Kemp, and Jackson were arrested and charged in multi-count indictments.

The defendants ultimately pleaded guilty to reduced charges.[3] At sentencing, each defendant requested a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court found that none of them had accepted responsibility within the meaning of that section and refused to grant the reductions. The defendants appeal.

## II. DISCUSSION

■ Sentencing Guideline § 3E1.1 allows the district court to reduce the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense." Determining whether a defendant has accepted responsibility is a question of fact which depends largely on the district court's credibility assessments. *United States v. Welna*, 998 F.2d 599, 600 (8th Cir. 1993). Entry of a guilty plea is a factor to be considered, but does not entitle the defendant to a reduction as a matter of right. U.S.S.G. § 3E1.1 application n. 3. On appeal, the district court's decision to grant or deny the reduction is afforded great deference and will not be disturbed unless it is clearly erroneous. *United States v. Furlow*, 980 F.2d 476, 476 & n. 1 (8th Cir.1992) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993).[4] With these standards in mind, we turn to the arguments of the individual defendants.

### A. Bessie Mae Evans

■ The district court denied Evans's request for a three-level reduction in offense level for acceptance of responsibility. She now contends that the district court's findings are not supported by the record. She points to the fact that the district court characterized her story as only "slightly in doubt." In addition, she argues that the court erred in considering certain statements she made regarding Kemp's pager.

The district court denied a reduction because it doubted the truth of Evans's account of her role in the offense and concluded that Evans knew more about Jackson's drug activities than she has admitted. Upon our review of the record, we find no clear error in the district court's conclusion that Evans failed to demonstrate acceptance of personal responsibility. The record supports a finding that she has been less than truthful in her dealings with the authorities. *See United States v. Armstrong*, 992 F.2d 171, 174 (8th Cir.1993).

---

**3.** Evans pleaded guilty to "aiding and abetting in making [her] car available for the purpose of unlawfully storing a controlled substance" in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. Kemp pleaded guilty to "aiding and abetting the distribution of controlled substances" also in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. Jackson pleaded guilty to "aiding and abetting possession with the intent to distribute cocaine base and cocaine" in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

**4.** A number of our recent cases state that a district court's decision concerning acceptance of responsibility should not be disturbed unless "it is without foundation." *See, e.g., United States v. Hipolito–Sanchez*, 998 F.2d 594, 596 (8th Cir.1993) (per curiam). This standard is derived from an early version of the application notes to section 3E1.1. The "without foundation" language was deleted in 1990. *See* U.S.S.G.App. C, at amend. 351. "Assuming that [the 'without foundation'] standard differs from the 'clearly erroneous' standard, for the sake of consistency we now use the clearly erroneous standard of review." *Furlow*, 980 F.2d at 476 n. 1 (en banc).

## B.  James Kemp

The district court also refused to grant Kemp a reduction for acceptance of responsibility.  The court found that Kemp was not entitled to a reduction because he failed to timely acknowledge past crimes committed under the alias "Gary Dawson."  Kemp argues that acknowledgment of his criminal history is not relevant to determining whether he has accepted responsibility for his most recent criminal conduct.

The district court referred to Kemp's failure to timely acknowledge his criminal history as an attempt to "deceive the probation office and the court."  It was proper for the district court to consider whether such conduct is consistent with the acceptance of personal responsibility.  Furthermore, even if Kemp had acknowledged his criminal history, the record contains ample evidence that he has failed to accept personal responsibility for his role in the instant offense.  The district court's finding is not clearly erroneous.

## C.  Gregory Jackson

The district court denied Jackson's request for a reduction based on substantial discrepancies between the information Jackson supplied to the probation officer and that contained in Jackson's plea agreement.  The court also noted that Jackson gave statements to the probation officer minimizing his role in the drug activities.  On appeal, Jackson does not challenge the findings of the district court, but argues that his statements to the probation officer were misstatements made "out of fear and ignorance."  We find the district court's denial of a reduction for acceptance of responsibility to be amply supported by the record.

## III.  CONCLUSION

We find no clear error in the district court's denial of the defendants' requests for acceptance of responsibility reductions.  Accordingly, we affirm.