61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Scott E. BRADDON-WALKER, Appellant.
 No. 95-1166.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1995.
Filed: July 17, 1995.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Scott E. Braddon-Walker pleaded guilty to distributing methamphetamine, and to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The district court[1] sentenced him to 121 months imprisonment and five years supervised release, and fined him $17,500. Braddon-Walker appeals, arguing that the district court erred in denying him a reduction in his base offense level for acceptance of responsibility.
 
 
 2
 "Sentencing Guideline Sec. 3E1.1 allows the district court to reduce the offense level of a defendant who 'clearly demonstrates acceptance of responsibility for his offense.' " United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995). Whether a defendant has accepted responsibility is a factual question that depends in large part on the district court's credibility assessments; the court's decision to grant or deny the reduction is given great deference on appeal and will not be disturbed unless it is clearly erroneous. Id.
 
 
 3
 Braddon-Walker argues that he earned the acceptance-of- responsibility reduction because he pleaded guilty, completed a drug-education program, and tried to assist authorities. The probation officer who prepared Braddon-Walker's presentence report did not recommend the reduction, noting that many statements Braddon-Walker had made about his involvement in the offense and his background were inconsistent with the probation officer's information. At sentencing, the district court agreed with the probation officer that Braddon-Walker had not truly accepted responsibility for his actions. Upon our review of the record, we cannot conclude that the court clearly erred in denying the acceptance-of-responsibility reduction. See U.S.S.G. Sec. 3E1.1, comment. (n.3.) (defendant who enters guilty plea not entitled as matter of right to Sec. 3E1.1 adjustment); cf. Evans, 51 F.3d at 767 (upholding denial of Sec. 3E1.1 reduction where basis for denial included substantial discrepancies between information defendant supplied to probation officer and that contained in plea agreement); United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992) (same where basis for denial included probation officer's statement that defendant had not been truthful with probation officer during presentence investigation).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas