62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Steven HORN, Appellant.
 No. 95-1728.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 7, 1995.
Filed: Aug. 15, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven Horn pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1) (1988). The District Court[1] sentenced him to 88 months of imprisonment, four years of supervised release, and an assessment of $50. Horn appeals, arguing that the District Court erred in denying him a reduction in his base offense level for acceptance of responsibility.
 
 
 2
 "Sentencing Guideline Sec. 3E1.1 allows the district court to reduce the offense level of a defendant who 'clearly demonstrates acceptance of responsibility for his offense.' " United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995). Whether a defendant has accepted responsibility is a factual question that depends in large part on the district court's credibility assessments; the court's decision to grant or deny the reduction is given great deference on appeal and will not be disturbed unless it is clearly erroneous. Id. A defendant who enters a guilty plea is not entitled as a matter of right to a section 3E1.1 adjustment. U.S.S.G. Sec. 3E1.1, comment. (n.3) (1994).
 
 
 3
 The District Court denied the reduction in part because Horn twice tested positive for amphetamine and methamphetamine while he was released on bond. On appeal, Horn argues that this was not a proper basis to deny the reduction. We disagree. See United States v. Poplawski, 46 F.3d 42, 42-43 (8th Cir.) (no error in denying Sec. 3E1.1 reduction when defendant, while free on bond, continued use of drug), cert. denied, 115 S. Ct. 2261 (1995); United States v. Wivell, 893 F.2d 156, 159 (8th Cir.1990) (reduction not granted when defendant arrested for dealing in cocaine while free on bond). Because we conclude the District Court did not clearly err in denying the reduction based on Horn's continued use of methamphetamine while on bond, we do not consider his other arguments that he was not required to reveal his drug sources in order to qualify for the reduction and that denying the reduction based on his criminal history amounted to double counting. See United States v. Lublin, 981 F.2d 367, 370 (8th Cir.1992).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota