68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Johnny JACKSON, also known as Gene, Appellant.
 No. 95-1502.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 13, 1995.
Filed: Oct. 6, 1995.
 
 Before McMILLIAN, FAGG and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnny Jackson appeals the sentence imposed on him by the district court[1] following his guilty plea to aiding and abetting the use of a telephone to facilitate the commission of a drug conspiracy, in violation of 21 U.S.C. Sec. 843(b) and 18 U.S.C. Sec. 2. Jackson's counsel submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which counsel moved to withdraw from representation and raised sentencing issues. For the reasons discussed below, we affirm Jackson's sentence.
 
 
 2
 As relevant here, Jackson's presentence report (PSR) stated that authorities intercepted a telephone call between Jackson and codefendant Gerald Williams on October 22, 1993, during which the two discussed Jackson's obtaining cocaine from Williams; that Jackson met Williams outside his residence later that day, and received cocaine from him; and that authorities who executed a search warrant at the residence the same day found 42 grams of cocaine base there. The PSR recommended a base offense level of 30, concluding Jackson should be held accountable for 42 grams of cocaine base. When Jackson objected, the district court reviewed material the government submitted in response, including a transcript of the telephone call in question and an interview with another individual. The district court found that there was a sufficient basis to attribute the 42 grams of crack cocaine to Jackson as relevant conduct and that the underlying paragraphs in the PSR were correct as written. The district court nonetheless elected to abide by the parties' plea agreement stipulation that the amount of cocaine (not cocaine base) involved in the offense was less than 25 grams, and set the base offense level at 12.
 
 
 3
 In his Anders brief, counsel argues that the district court erred in refusing to grant Jackson an offense level reduction for acceptance of responsibility. Under U.S.S.G. Sec. 3E1.1, a district court may reduce the offense level of a defendant who clearly demonstrates that he has accepted responsibility for his offense. United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995). The district court's decision to grant or deny the reduction is given great deference on appeal and will not be disturbed unless it is clearly erroneous. Id.
 
 
 4
 In denying the reduction, the district court found that Jackson had not been forthright in admitting the conduct comprising the offense of conviction, because he had maintained that his involvement consisted of acting as a scribe for Williams during "a couple" of telephone calls-a position belied by the record-and he had steadfastly refused to accept responsibility for the October 22 drug transaction. We see no clear error in the district court's denial of a reduction under Guidelines Sec. 3E1.1. See U.S.S.G. Sec. 3E1.1, comment. (n.1(a)) (defendant who falsely denies relevant conduct court determines to be true has acted in manner inconsistent with acceptance of responsibility); United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.) (affirming denial of Sec. 3E1.1 reduction where defendant refused to admit extensive involvement in drug distribution scheme despite contrary evidence), cert. denied, 502 U.S. 929 (1991).
 
 
 5
 Counsel next argues that the district court erred in denying Jackson's request for a mitigating role reduction under U.S.S.G. Sec. 3B1.2. We do not believe the district court clearly erred in denying the requested reduction. See United States v. Copeland, 45 F.3d 254, 256 (8th Cir.1995) (standard of review). The district court noted that Jackson focused on evidence suggesting he facilitated drug dealing by parroting statements between callers and Williams, but ignored evidence showing he bought cocaine base from Williams in an amount indicating personal involvement in distribution. Cf. United States v. Rayner, 2 F.3d 286, 288 (8th Cir.1993) (although defendant's involvement in conspiracy was not as great as other participants, it entailed far more than one isolated drug sale and possession of 26 grams of PCP, as defendant asserted). The district court also agreed with the probation officer that Jackson's minor role was taken into consideration when Jackson-who also faced drug charges-was allowed to plead guilty to the telephone facilitation offense.
 
 
 6
 Having carefully reviewed the record, we find no other nonfrivolous issues suitable for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 7
 Accordingly, we affirm the sentence.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota