72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Miguel DELEON, Appellant.
 No. 94-3224.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 6, 1995.
Filed Dec. 15, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Miguel Deleon appeals the 192-month sentence imposed on him by the district court[1] following his guilty plea to conspiracy to distribute, and to possess with intent to distribute, marijuana, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Deleon has filed a supplemental brief. We affirm.
 
 
 2
 Deleon first argues the district court erred in calculating the amount of drugs used to determine his base offense level. We will not reverse a district court's drug-quantity finding unless it is clearly erroneous. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993). Testimony in the record supports that from 1987 until approximately July 1993, Deleon participated in a conspiracy that distributed a minimum of 1,044 kilograms of marijuana and cocaine in Omaha, Nebraska. Accordingly, we conclude the district court properly determined that Deleon's base offense level was 32. See U.S.S.G. Sec. 2D1.1(a)(3), (c)(6) (1993); United States v. Cassidy, 6 F.3d 554, 557 (8th Cir.1993); Adipietro, 983 F.2d at 1472 (finding on witness credibility virtually unassailable on appeal).
 
 
 3
 Second, Deleon argues the district court clearly erred in assessing an enhancement under U.S.S.G. Sec. 3B1.1(a) for his role in the offense. A district court must increase a defendant's offense level if he was an organizer or leader of a criminal activity that involved five or more participants, or that was otherwise extensive. We will not reverse a district court's finding that the defendant was an organizer or leader for purposes of section 3B1.1 unless it is clearly erroneous. United States v. Ballew, 40 F.3d 936, 944 (8th Cir.1994), cert. denied, 115 S.Ct. 1813 (1995). Here, testimony in the record supports that the conspiracy involved five or more participants and was extensive; and that Deleon exercised decision-making authority, was a major participant in planning and organizing the offense, and exercised control over others. See U.S.S.G. Sec. 3B1.1, comment. (n.4) (relevant factors in determining whether defendant was organizer or leader). Thus, we conclude the district court did not clearly err in assessing the Sec. 3B1.1(a) enhancement.
 
 
 4
 Next, Deleon argues the district court erred in denying him an acceptance-of-responsibility reduction under U.S.S.G. Sec. 3E1.1. We conclude the district court did not clearly err in finding Deleon falsely denied the existence of the cocaine and the extent of his role in the offense, and thus in refusing to grant Deleon the reduction. See United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995) (standard of review); U.S.S.G. Sec. 3E1.1, comment. (n.1(a)).
 
 
 5
 In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record for any other nonfrivolous issues and have found none. Finally, we deny Deleon's motion for appointment of counsel.
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska