_____

No. 95-3269
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   District of Minnesota.
Roger Dale Tokvam,                  *
                                    *      **[UNPUBLISHED]**
          Appellant.               *
_____

          Submitted:  February 15, 1996

             Filed:  February 22, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____


PER CURIAM.


     Roger  Dale  Tokvam  appeals  the  sentence  imposed  by  the
district  court[1]  after  he  pleaded  guilty  to  distributing
methamphetamine, in violation of 21 U.S.C. § 841(a)(1), using and
carrying a firearm during a drug trafficking crime, in violation of
18 U.S.C. § 924(c), and willfully failing to appear, in violation
of  18 U.S.C. § 3146(a)(1).  For  reversal, Tokvam  argues  the
district court erred in failing to make a specific factual finding
as to whether this was an "extraordinary case" warranting both a
reduction for acceptance of responsibility and an enhancement for
obstruction of justice.  During the pendency of this appeal, Tokvam
filed a motion for remand based on Bailey v. United States, 116
S. Ct. 501 (1995), arguing that there was no proof that he "used"

_____

     [1]The HONORABLE RICHARD H. KYLE, United States District Judge
for the District of Minnesota.

the firearm during a drug trafficking crime.

Following his indictment for the instant drug and firearm offenses and his release on bond, Tokvam absconded to California and failed to appear at his change-of-plea hearing. While in California, Tokvam was arrested, convicted, and sentenced for, among other things, possession of methamphetamine. Tokvam remained in state custody until he was located by the United States Marshal's Service. Tokvam then pleaded guilty to the instant offenses.

Tokvam's presentence report (PSR) recommended an obstruction-of-justice enhancement. Although the PSR reported Tokvam's claim that he had absconded after his drug source threatened retaliation if he cooperated with authorities, the probation officer did not recommend an acceptance-of-responsibility reduction, partly because of Tokvam's continued criminal conduct in California. In his sentencing position paper, Tokvam objected and argued that his was an "extraordinary case." At sentencing, Tokvam did not present any evidence on his objection, but rather relied solely on his sentencing position paper. The court overruled Tokvam's objection and sentenced him to a total of 181 months imprisonment (a 121-month Guidelines sentence, and a consecutive 60-month sentence for violating section 924(c)(1)), and a total of four years supervised release.

"Sentencing Guideline § 3E1.1 allows the district court to reduce the offense level of a defendant who `clearly demonstrates acceptance of responsibility for his offense.'" United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995). The burden for establishing acceptance of responsibility is on the defendant. United States v. Morales, 923 F.2d 621, 628 (8th Cir. 1991). A district court's decision to grant or deny an acceptance-of-responsibility reduction is given great deference and will not be disturbed unless it is clearly erroneous. Evans, 51 F.3d at 766.

When an obstruction-of-justice enhancement is assessed, an acceptance-of-responsibility reduction is ordinarily not granted unless it is an extraordinary case. See U.S.S.G. § 3E1.1, comment. (n.4).

In view of Tokvam's arrest and conviction for possession of methamphetamine after his release on bond, we conclude the district court did not clearly err by denying him the acceptance-of-responsibility reduction. See United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995). Nor did the district court err by implicitly rejecting Tokvam's claim that this was an "extraordinary case." See United States v. Dortch, 923 F.2d 629, 633 (8th Cir. 1991) (remand for specific findings unnecessary where it is clear district court implicitly rejected defendant's acceptance-of-responsibility argument).

We deny Tokvam's motion for remand because he pleaded guilty to using and carrying the firearm, and at his plea hearing he admitted to carrying the firearm during the drug transaction. See Bailey, 116 S. Ct. 507-09 (defining "use" to preserve "carry" as alternative basis for § 924(c)(1) charge).

The judgment is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-