77 F.3d 487
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Roger Dale TOKVAM, Appellant.
 No. 95-3269.
 United States Court of Appeals, Eighth Circuit.
 Submitted: February 15, 1996.
Filed: February 22, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger Dale Tokvam appeals the sentence imposed by the district court[1] after he pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and willfully failing to appear, in violation of 18 U.S.C. § 3146(a)(1). For reversal, Tokvam argues the district court erred in failing to make a specific factual finding as to whether this was an "extraordinary case" warranting both a reduction for acceptance of responsibility and an enhancement for obstruction of justice. During the pendency of this appeal, Tokvam filed a motion for remand based on Bailey v. United States, 116 S.Ct. 501 (1995), arguing that there was no proof that he "used" the firearm during a drug trafficking crime.
 
 
 2
 Following his indictment for the instant drug and firearm offenses and his release on bond, Tokvam absconded to California and failed to appear at his change-of-plea hearing. While in California, Tokvam was arrested, convicted, and sentenced for, among other things, possession of methamphetamine. Tokvam remained in state custody until he was located by the United States Marshal's Service. Tokvam then pleaded guilty to the instant offenses.
 
 
 3
 Tokvam's presentence report (PSR) recommended an obstruction-of-justice enhancement. Although the PSR reported Tokvam's claim that he had absconded after his drug source threatened retaliation if he cooperated with authorities, the probation officer did not recommend an acceptance-of-responsibility reduction, partly because of Tokvam's continued criminal conduct in California. In his sentencing position paper, Tokvam objected and argued that his was an "extraordinary case." At sentencing, Tokvam did not present any evidence on his objection, but rather relied solely on his sentencing position paper. The court overruled Tokvam's objection and sentenced him to a total of 181 months imprisonment (a 121-month Guidelines sentence, and a consecutive 60-month sentence for violating section 924(c)(1)), and a total of four years supervised release.
 
 
 4
 "Sentencing Guideline § 3E1.1 allows the district court to reduce the offense level of a defendant who 'clearly demonstrates acceptance of responsibility for his offense.' " United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995). The burden for establishing acceptance of responsibility is on the defendant. United States v. Morales, 923 F.2d 621, 628 (8th Cir.1991). A district court's decision to grant or deny an acceptance-of-responsibility reduction is given great deference and will not be disturbed unless it is clearly erroneous. Evans, 51 F.3d at 766. When an obstruction-of-justice enhancement is assessed, an acceptance-of-responsibility reduction is ordinarily not granted unless it is an extraordinary case. See U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 5
 In view of Tokvam's arrest and conviction for possession of methamphetamine after his release on bond, we conclude the district court did not clearly err by denying him the acceptance-of-responsibility reduction. See United States v. Nguyen, 52 F.3d 192, 194 (8th Cir.1995). Nor did the district court err by implicitly rejecting Tokvam's claim that this was an "extraordinary case." See United States v. Dortch, 923 F.2d 629, 633 (8th Cir.1991) (remand for specific findings unnecessary where it is clear district court implicitly rejected defendant's acceptance-of-responsibility argument).
 
 
 6
 We deny Tokvam's motion for remand because he pleaded guilty to using and carrying the firearm, and at his plea hearing he admitted to carrying the firearm during the drug transaction. See Bailey, 116 S.Ct. 507-09 (defining "use" to preserve "carry" as alternative basis for § 924(c)(1) charge).
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota