_____

No. 96-2019
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  District of Nebraska.
Theodore James Foster,              *     [UNPUBLISHED]
                                    *
          Appellant.                *


_____

          Submitted: September 6, 1996

             Filed: September 18, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Theodore James Foster appeals the 18-month sentence imposed on him
by the district court[1] following his guilty plea to being a felon in
possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and
924(a)(2).  We affirm.


     Foster argues the district court erred in denying him an acceptance-
of-responsibility reduction under U.S.S.G. § 3E1.1.  We  conclude, however,
that the district court did not clearly err in finding Foster falsely
stated the guns belonged to his son, and thus in refusing to grant Foster
the reduction.  See United States v. Evans, 51 F.3d 764, 766 (8th Cir.
1995) (standard of review); U.S.S.G. § 3E1.1, comment. (n.1(a)) (defendant
who falsely denies relevant conduct which sentencing court determines to
be true has

_____

     The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska.

acted in manner inconsistent with acceptance of responsibility). We reject Foster's argument that the district court erred in not conducting an evidentiary hearing on the acceptance-of-responsibility reduction, as Foster did not offer any evidence to support this reduction. See United States v. Morales, 923 F.2d 621, 628 (8th Cir. 1991) (defendant bears burden for establishing acceptance of responsibility).

Foster also argues that his counsel below was ineffective for not making the district court aware that she was asking it to grant Foster a downward departure under U.S.S.G. § 5H1.4 based on Foster's physical condition. Although a claim of ineffective assistance of counsel usually cannot be asserted for the first time on direct appeal, we conclude the record belies Foster's contention that counsel's performance at the sentencing hearing was deficient, as counsel asked the court to review Foster's medical records and specifically made reference to section 5H1.4. See United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) (considering ineffective-assistance claim on direct appeal because record was fully developed at post-trial hearing).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-