97 F.3d 1457
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Theodore James FOSTER, Appellant.
 No. 96-2019.
 United States Court of Appeals, Eighth Circuit.
 Submitted Sept. 6, 1996
Filed Sept. 18, 1996
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Theodore James Foster appeals the 18-month sentence imposed on him by the district court[1] following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.
 
 
 2
 Foster argues the district court erred in denying him an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. We conclude, however, that the district court did not clearly err in finding Foster falsely stated the guns belonged to his son, and thus in refusing to grant Foster the reduction. See United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995) (standard of review); U.S.S.G. § 3E1.1, comment. (n.1(a)) (defendant who falsely denies relevant conduct which sentencing court determines to be true has acted in manner inconsistent with acceptance of responsibility). We reject Foster's argument that the district court erred in not conducting an evidentiary hearing on the acceptance-of-responsibility reduction, as Foster did not offer any evidence to support this reduction. See United States v. Morales, 923 F.2d 621, 628 (8th Cir.1991) (defendant bears burden for establishing acceptance of responsibility).
 
 
 3
 Foster also argues that his counsel below was ineffective for not making the district court aware that she was asking it to grant Foster a downward departure under U.S.S.G. § 5H1.4 based on Foster's physical condition. Although a claim of ineffective assistance of counsel usually cannot be asserted for the first time on direct appeal, we conclude the record belies Foster's contention that counsel's performance at the sentencing hearing was deficient, as counsel asked the court to review Foster's medical records and specifically made reference to section 5H1.4. See United States v. Williams, 897 F.2d 1430, 1434 (8th Cir.1990) (considering ineffective-assistance claim on direct appeal because record was fully developed at post-trial hearing).
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska