# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1027
_____

United States of America,    *
    *
        Appellee,    *
    *  Appeal from the United States
    v.    *  District Court for the
    *  Western District of Arkansas.
Silas Jefferson, Jr.,    *
    *      [Unpublished]
        Appellant.    *

_____

Submitted:  May 2, 1997

Filed:  May 8, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Silas Jefferson appeals the 240-month sentence imposed by the district court[1] following his guilty plea to aiding and abetting his co-defendants in the commission of an armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) and § 2.  We affirm.

We reject Jefferson's argument that the district court clearly erred in increasing his base offense level two levels for being "an organizer, leader, manager, or supervisor in any criminal activity" involving one or more other participants.  See U.S. Sentencing Guidelines Manual § 3B1.1(c) & comment. (n.2) (1995); United States v. Horne, 4 F.3d 579, 590 (8th Cir. 1993) (standard of review),

_____

[1] The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

cert. denied, 510 U.S. 1138 (1994).  The record established that Jefferson carried the firearm involved in the robbery, received a greater percentage of the proceeds, and directed the actions of at least one other co-defendant.  See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1995) (factors court should consider); cf. United States v. Pedroli, 979 F.2d 116, 118 (8th Cir. 1992) (evidence supported organizing-role enhancement where defendant recruited co-defendant, provided him with baseball hat, sunglasses, and demand note, and organized bank robbery).

We further reject Jefferson's contention that the district court clearly erred in denying him an acceptance-of-responsibility adjustment under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (standard of review).  Jefferson's conceded perjury before a magistrate judge was inconsistent with an acceptance of responsibility.  Moreover, Jefferson does not contest the district court's assessment of an obstruction-of-justice enhancement under U.S. Sentencing Guidelines Manual § 3C1.1 (1995).  This is not an "extraordinary" case that would warrant both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction.  See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.4) (1995).  Accordingly, we affirm the judgment of the district court.

A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.