112 F.3d 514
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Silas JEFFERSON, Jr., Appellant.
 No. 97-1027.
 United States Court of Appeals, Eighth Circuit.
 May 8, 1997.
 
 Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Silas Jefferson appeals the 240-month sentence imposed by the district court[1] following his guilty plea to aiding and abetting his co-defendants in the commission of an armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d) and § 2. We affirm.
 
 
 2
 We reject Jefferson's argument that the district court clearly erred in increasing his base offense level two levels for being "an organizer, leader, manager, or supervisor in any criminal activity" involving one or more other participants. See U.S. Sentencing Guidelines Manual § 3B1.1(c) & comment. (n.2) (1995); United States v. Horne, 4 F.3d 579, 590 (8th Cir.1993) (standard of review), cert. denied, 510 U.S. 1138 (1994). The record established that Jefferson carried the firearm involved in the robbery, received a greater percentage of the proceeds, and directed the actions of at least one other co-defendant. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1995) (factors court should consider); cf. United States v. Pedroli, 979 F.2d 116, 118 (8th Cir.1992) (evidence supported organizing-role enhancement where defendant recruited co-defendant, provided him with baseball hat, sunglasses, and demand note, and organized bank robbery).
 
 
 3
 We further reject Jefferson's contention that the district court clearly erred in denying him an acceptance-of-responsibility adjustment under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995) (standard of review). Jefferson's conceded perjury before a magistrate judge was inconsistent with an acceptance of responsibility. Moreover, Jefferson does not contest the district court's assessment of an obstruction-of-justice enhancement under U.S. Sentencing Guidelines Manual § 3C1.1 (1995). This is not an "extraordinary" case that would warrant both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction. See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.4) (1995). Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas