**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1040
_____

United States of America,    *
                             *

       Appellee,            *
                             *

Appeal from the United States
    v.                        *
District Court of the
                             *

Western District of Arkansas.
Chester Sanders, III,       *
                             *

[UNPUBLISHED]
       Appellant.          *
             _____

                   Submitted:  August 7, 1997
                        Filed:  August 25, 1997
             _____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit                    Judges.
           _____

PER CURIAM.

     Chester Sanders, III appeals the 70-month sentence imposed by the district court[1] after he pleaded guilty to aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2113 and 2.  For reversal, Sanders argues

---

    [1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

-1-

that the court clearly erred when it denied him an acceptance-of-responsibility reduction.

"Sentencing Guideline § 3E1.1 allows the district court to reduce the offense level of a defendant who 'clearly demonstrates acceptance of responsibility for his offense.'" United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (quoting U.S. Sentencing Guidelines Manual § 3E1.1(a) (1995)). The defendant carries the burden of establishing acceptance of responsibility, see United States v. Morales, 923 F.2d 621, 628 (8th Cir. 1991), and the court's decision to deny such a reduction is afforded great deference and will not be disturbed unless it is clearly erroneous, see Evans, 51 F.3d at 766.

We conclude the district court did not clearly err in denying Sanders the reduction based, among other things, on Sanders's failure to plead guilty until the morning of trial when the jury panel was present. See USSG § 3E1.1, comment. (n.1); United States v. Yell, 18 F.3d 581, 583–84 (8th Cir. 1994). Sanders's reliance on United States v. Knight, 905 F.2d 189 (8th Cir. 1990), is misplaced, as the district court's decision in that case did not involve the timeliness of the defendant's guilty plea.

Accordingly, the judgment of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-