# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1518
_____

United States of America

*Plaintiff - Appellee*

v.

Cornelius D. Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 5, 2012
Filed: September 6, 2012
[Unpublished]

_____

LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Cornelius Carter, who pleaded guilty to being a felon in possession of a firearm, appeals from the sentence the District Court[1] imposed after the court applied the

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

U.S.S.G. § 2K2.1(c) cross-reference (possession of a firearm in connection with another offense). Carter's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the finding that Carter had participated in a robbery in connection with his possession of a firearm. Carter has filed a pro se brief arguing, inter alia, that the District Court violated his constitutional rights by relying on certain grand-jury testimony in making the cross-reference finding.

Upon careful review, we conclude that the District Court did not clearly err in finding that Carter had participated in the robbery. See United States v. Tunley, 664 F.3d 1260, 1262 (8th Cir. 2012) (standard of review). In particular, we note that the court's factual finding was largely based upon a determination that the robbery victim had provided credible testimony at Carter's sentencing hearing—including a specific identification of Carter as one of the robbers.

As to Carter's constitutional challenge to the use of certain grand-jury testimony, we have considered the due-process implications. See United States v. Wise, 976 F.2d 393, 401 (8th Cir.1992) (en banc) (holding that the district court may consider hearsay evidence during the sentencing phase of a trial because sentencing does not constitute a separate criminal proceeding to which the right of confrontation attaches but recognizing that in certain instances due process concerns should be addressed), cert. denied, 507 U.S.989 (1993). Upon careful review, we find no basis for reversal because the District Court's finding was supported by other evidence, including the victim's testimony at the sentencing hearing. See United States v. Pedroli, 979 F.2d 116, 118 (8th Cir.1992) (rejecting defendant's contention that his constitutional rights were violated as a result of the court's reliance at sentencing on hearsay evidence, noting that the hearsay evidence was corroborated at trial by the testimony of a witness who was subjected to vigorous cross-examination and whose credibility the trial court was able to assess); see also United States v. Thornberg, 676

F.3d 703, 706 (8th Cir. 2012) (noting that a constitutional issue not timely asserted in the district court is reviewed on appeal for plain error only).

We have reviewed the record independently in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and we have found no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____