_____

No. 95-2831
_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the
James Kenneth Thomas, also known *　Western District of Missouri.
as Jim Autry,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*　　　　　[PUBLISHED]
　　　　Appellant.　　　　　　　　*

_____

Submitted:　December 12, 1995

Filed:　December 27, 1995
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

James Kenneth Thomas appeals the sentence imposed by the district court[1] following his guilty plea to conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirm.

After pleading guilty and being released on bond, Thomas tested positive for various controlled substances. Thomas later absconded for approximately three months. After he was re-arrested, Thomas admitted he had used marijuana while out on bond. At sentencing, the district court overruled Thomas's objections to an obstruction-of-justice enhancement and denied him an acceptance-of-responsibility reduction. The court sentenced

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

Thomas to the 60-month statutory maximum term of imprisonment, which was below Thomas's Guidelines sentencing range of 63 to 78 months imprisonment.

Thomas first argues the district court erred by assessing an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1. We review de novo whether section 3C1.1 applies to Thomas's specific conduct. See United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993) (per curiam). Because Thomas absconded from supervision, we conclude the district court properly assessed the obstruction-of-justice enhancement. See United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993) (holding § 3C1.1 enhancement proper where defendant fled to California after conviction and prior to sentencing); United States v. Lyon, 959 F.2d 701, 707 (8th Cir. 1992) (holding § 3C1.1 enhancement proper where defendant fled jurisdiction, became fugitive, and used alias); cf. U.S.S.G. § 3C1.1, comment. (n.3(e)) (1992) (example of conduct to which § 3C1.1 enhancement applies is when defendant escapes from custody before sentencing).

Next, Thomas argues the district court erred by denying him an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. Given Thomas's continued drug use, we conclude the district court did not clearly err by denying him the reduction. See United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (standard of review): United States v. Poplawski, 46 F.3d 42, 42-43 (8th Cir.) (no error in denying reduction for acceptance of responsibility when defendant, while free on bond, continued use of drug related to instant conspiracy offense), cert. denied, 115 S. Ct. 2261 (1995); United States v. Wivell, 893 F.2d 156, 159 (8th Cir. 1990) (same).

Finally, we reject Thomas's argument that the district court erred by not granting him a downward departure under U.S.S.G. §§ 5K1.1, p.s. or 5K2.0, p.s. Absent a government motion, the district court lacked the authority to grant Thomas a section 5K1.1

departure.  See <u>Wade v. United States</u>, 112 S. Ct. 1840, 1843-44 (1992).
The district court also lacked the authority to depart under section 5K2.0
on the basis of substantial assistance.  See <u>United States v. Baker</u>, 4 F.3d
622, 624 (8th Cir. 1993).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.