No. 95-3885

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the Western
                                    *  District of Missouri.
Kenny L. Smith, also known as       *
Kenney L. Smith, Thomas             *
Williams, "Kilo,"                   *
                                    *
          Appellant.                *

_____

          Submitted:  March 12, 1996

             Filed:  April 26, 1996
_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
_____

BEAM, Circuit Judge.


     Kenny Smith appeals his conviction for possession with intent to distribute cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Smith argues the district court[1] erred in denying his motion to suppress evidence and in setting his base offense level.  We affirm.


**I. BACKGROUND**


     On February 28, 1995, Kenny Smith returned to Kansas City from Los Angeles via Amtrak.  Several drug interdiction officers were at the station watching passengers arriving on trains from known drug source cities.  Smith's train was one of the conveyances under observation.  After Smith got off the train, he caught the

_____

     [1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

attention of one of the interdiction officers, Officer Wilson, by repeatedly glancing nervously in Wilson's direction and carrying his jacket instead of wearing it despite the cold February weather.

After noticing these irregularities, Officer Wilson approached Smith, identified himself as a police officer, and asked him if he would answer some questions. Smith agreed to speak with Officer Wilson who then asked Smith if he had his train ticket. Although Smith searched his suitcase for the ticket, he apparently did not find it or produce it. Officer Wilson then asked to search Smith's jacket for illegal narcotics. Smith held the jacket toward Officer Wilson and implied that the search would reveal nothing. Officer Wilson found a nylon pouch containing approximately one kilogram of crack cocaine sewn into the jacket's lining. In response to Officer Wilson's discovery, Smith stated that the jacket was not his, but that he had simply taken the jacket from the train after it went unclaimed by its true owner for two days.

Smith was arrested and charged with possession with intent to distribute crack cocaine. Before trial, Smith moved to suppress the crack cocaine found in the jacket and his statements to the police. Adopting the magistrate judge's[2] report and recommendation, the district court denied the motion and Smith was convicted. At sentencing, Smith objected to the presentence report, arguing it incorrectly set his base offense level at 36, based on possession of 1,018.8 grams of crack cocaine. The district court nevertheless accepted that base offense level and sentenced Smith to 188 months in prison with five years supervised release (base offense level 36; criminal history category I).

Smith appeals alleging that, in searching the jacket at the train station, Officer Wilson transformed the encounter into an

---

[2]The Honorable John T. Maughmer, Chief United States Magistrate Judge for the Western District of Missouri.

investigatory stop which was not supported by the necessary reasonable suspicion.  Smith further argues that the 1,018.8 grams of crack cocaine found on his possession should have been treated as powder cocaine for sentencing because the disparity in penalties between crack and powder cocaine in the sentencing guidelines is unconstitutional.  Finding these arguments unavailing, we affirm Smith's conviction and sentence.

## II.  DISCUSSION

Smith argues the crack cocaine found in the jacket at the train station should have been suppressed.  We disagree.[3]  Nothing in the stop transformed what was a consensual encounter into an investigatory stop. It is well settled that law enforcement officers may approach individuals in public places and ask them to answer some questions (if they are willing to listen) without offending the Fourth Amendment, as long as reasonable persons would know they could refuse to cooperate.  Florida v. Bostick, 501 U.S. 429, 431 (1991); United States v. Robinson, 984 F.2d 911, 913 (8th Cir. 1993).  That is all that occurred here.  Smith was approached in a public place and willingly answered the questions posed by Officer Wilson. The encounter was clearly consensual.

Despite appellant's claims to the contrary, the consensual tone of the conversation did not end when Officer Wilson asked to search the jacket.[4]  The district court found that Smith

---

[3]We also disagree with Smith's argument on appeal that his statements to the police should have been suppressed.  As the district court found, Smith was "fully and fairly advised of his rights and voluntarily and knowingly waived his right to remain silent without any coercion whatsoever."  Consequently, we find no error in the district court's denial of the motion to suppress Smith's statements.

[4]Appellant offers our decision in United States v. Green, 52 F.3d 194, 197 (8th Cir. 1995), in support of this argument.  In Green, we reversed a similar conviction, finding no reasonable suspicion to justify the investigatory stop to which the defendant had been subjected.  Appellant urges us to reverse here as well. In so doing, however, appellant overlooks the key fact in our discussion in Green, i.e., that Green refused to consent to the

voluntarily handed the jacket to Officer Wilson, showing his consent to the search of the jacket and its contents. That finding was not clearly erroneous. <u>United States v. Parris</u>, 17 F.3d 227, 229 (8th Cir.), <u>cert. denied</u>, 114 S. Ct. 1662 (1994). Had Smith refused his consent, a different case might have been presented. However, on these facts, Smith's consent prevented the encounter from becoming an investigatory stop and therefore alleviated the need for the encounter to be justified by reasonable suspicion.[5] <u>See</u> <u>United States v. Washington</u>, 957 F.2d 559, 563 (8th Cir.) (encounter which remains consensual is not transformed into investigatory stop and need not be justified by reasonable suspicion), <u>cert. denied</u>, 506 U.S. 883 (1992). Consequently, the crack cocaine discovered during the search was properly admitted into evidence at trial.[6] <u>See</u> <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 227-28 (1973).

Smith next argues that his sentence violates both his equal protection and due process rights. Specifically, Smith attacks the disparities in penalties for crack and powder forms of cocaine found in the sentencing guidelines. He argues that the 1,018.8 grams of crack cocaine for which he was held responsible should be

---

search of her bag. <u>Id.</u> In this case, there was no such refusal. Instead, Smith freely consented to the search. Therefore, the <u>Green</u> decision is inapplicable to these facts.

[5]Because of our finding that Smith consented to the search, we need not address the abandonment issue raised by the government.

[6]Smith further argues that the police lacked probable cause to arrest him. The success of this argument is contingent upon a finding that the cocaine was improperly seized and should have been suppressed. Because the police committed no error in conducting the jacket search, however, we find that the cocaine constituted probable cause for Smith's arrest.

treated as powder cocaine for sentencing purposes. This treatment would reduce his base offense level from 36 to 26.

Smith, who is black, argues that the 100 to 1 ratio works disproportionately to the disadvantage of blacks and other minorities in violation of their equal protection rights. In his due process argument, Smith claims there is no difference between crack and powder cocaine, so there can be no rational basis for distinguishing between penalties for the two substances. These arguments are precluded by this court's earlier decisions in which we expressly held that the different treatments given crack and powder cocaine by the sentencing guidelines do not violate either the right to equal protection or the right to due process as guaranteed by the Constitution. See, e.g., United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995); United States v. Clary, 34 F.3d 709, 710 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995); United States v. Buckner, 894 F.2d 975, 978 (8th Cir. 1990). We have considered the remainder of Smith's arguments and find them to be without merit.

## III. CONCLUSION

Because the district court correctly denied Smith's motion to suppress evidence and did not err in determining his base offense level, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.