_____

No. 95-4081
_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *  Appeal from the United States
     v.                              *  District Court for the
                                     *  District of Nebraska.
Carl D. Hopkins, Jr.,                *
                                     *       [UNPUBLISHED]
          Appellant.                 *


_____

Submitted:  May 31, 1996

Filed:  June 11, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Carl D. Hopkins, Jr., challenges the 210-month sentence imposed by the district court[1] after he pleaded guilty to distributing more than fifty grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).  We affirm.


     Following his March 1994 arrest, Hopkins was released to the custody of a third party pursuant to an order setting his release conditions.  In June 1994, a warrant for Hopkins's arrest was issued after he ceased to reside at his court-ordered placement and failed to report for court-ordered drug and alcohol counselling.  In December 1994, Hopkins was arrested.  Hopkins asserted that he

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

went into hiding and failed to abide by his release conditions because his life had been threatened after an alleged leak that he was cooperating with the government. During the time between his disappearance and his December arrest, however, Hopkins did not inform law enforcement authorities of his whereabouts or the threats.

Over Hopkins's objections, the district court assessed an obstruction-of-justice enhancement, denied an acceptance-of-responsibility reduction, and declined to sentence Hopkins under the Guidelines applicable to cocaine powder rather than cocaine base.

The Guidelines provide for a two-level increase if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Escaping or attempting to escape from custody before trial or sentencing, or willfully failing to appear for a judicial proceeding as ordered, are examples of conduct to which the enhancement applies. Id., comment. (n.3(e)). We review de novo whether a defendant's conduct merits the enhancement, United States v. Thomas, 72 F.3d 92, 93 (8th Cir. 1995) (per curiam), and review for clear error the district court's supporting factual findings, United States v. Zerba, 21 F.3d 250, 253 (8th Cir. 1994).

Hopkins was in "custody" for purposes of section 3C1.1 when he left his court-ordered placement, failed to appear for the required counselling, and failed to advise the appropriate authorities of his location. See United States v. Draper, 996 F.2d 982, 985-86 (9th Cir. 1993) (custody need only involve some degree of official control over defendant such that subsequent evasion amounts to more than merely avoiding or fleeing arrest); cf. Thomas, 72 F.3d at 93 (upholding assessment of § 3C1.1 enhancement where defendant absconded from supervision while on bond pending sentencing).

Hopkins does not contend that he lacked notice of his release conditions, and in fact admits violating them.  Cf. United States v. Monroe, 990 F.2d 1370, 1376 (D.C. Cir. 1993) (defendant's failure to appear at arraignment not willful where she did not have notice of arraignment).  We conclude the district court did not err in assessing the enhancement.

We also reject Hopkins's challenge to the district court's denial of an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a) (two-level reduction warranted if defendant clearly demonstrates acceptance of responsibility for offense).  Hopkins's guilty plea did not automatically entitle him to the reduction, see id., comment. (n.3), and the determination as to whether he accepted responsibility is a factual question largely dependent on the district court's credibility assessment, see United States v. Yell, 18 F.3d 581, 583 (8th Cir. 1994).  We have concluded that Hopkins's conduct supported the obstruction-of-justice enhancement, and we do not believe this is an extraordinary case in which both provisions apply.  See U.S.S.G. § 3E1.1, comment. (n.4); cf. Lyon, 959 F.2d at 707 (upholding denial of § 3E1.1 reduction based on defendant's year-long fugitive status).  The district court did not clearly err in denying Hopkins an acceptance-of-responsibility reduction.  See United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995) (standard of review).

Finally, Hopkins's equal protection challenge to the penalty scheme for cocaine base is foreclosed by our recent decision in United States v. Smith, 82 F.3d 241, 1996 WL 200730, at *2 (8th Cir. Apr. 26, 1996).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.