_____

No. 96-1790
_____

United States of America,      *
                               *
          Appellee,            *   Appeal from the United States
                               *   District Court for the
     v.                        *   Eastern District of Missouri.
                               *
Edward James Clary,            *            [UNPUBLISHED]
                               *
          Appellant.           *


_____

          Submitted:   September 6, 1996

            Filed:   September 16, 1996
                     _____
___

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                     _____

PER CURIAM.


     Edward James Clary pleaded guilty to possessing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), which carries a 120-month mandatory-minimum sentence. Initially, the district court held that the penalties for cocaine base were unconstitutional and sentenced him to four years imprisonment. We reversed and remanded for resentencing, holding that the penalty scheme set forth in section 841(b)--which provides the same penalties for given amounts of crack and 100 times greater amounts of powder cocaine ("the 100-to-1 ratio")--did not violate the Equal Protection Clause. United States v. Clary, 34 F.3d 709, 713-14 (8th Cir. 1994), cert. denied, 115 S. Ct. 1172 (1995).

     On remand, as relevant here, Clary challenged the validity of the 100-to-1 ratio, arguing (1) that as no scientific difference

existed between crack and cocaine powder, the penalty provisions set forth in section 841(b) were rendered inapplicable by operation of the rule of lenity; and (2) that Congress's recent rejection of a Guidelines amendment proposed by the Sentencing Commission--eliminating the 100-to-1 ratio--manifested a discriminatory purpose on Congress's part, so that continued application of the penalty scheme violated his equal protection rights. Clary also maintained he was entitled to a three-level acceptance-of-responsibility reduction, under U.S.S.G. § 3E1.1, and to a sentence within the Guidelines range without regard to the mandatory-minimum sentence, under U.S.S.G. § 5C1.2 (the "safety valve" provision).

The district court[1] rejected Clary's challenges to the 100-to-ratio; imposed an obstruction-of-justice enhancement under U.S.S.G. § 3C1.1; denied an acceptance-of-responsibility reduction because Clary had used cocaine while on pretrial supervision and had failed to appear at his original sentencing and his resentencing; and denied "safety valve" relief because, absent a reduction for accepting responsibility, Clary's Guidelines range exceeded the mandatory-minimum sentence and thus section 5C1.2 was inapplicable. The court sentenced Clary to 151 months imprisonment, and he appeals.

We conclude Clary's equal protection and rule-of-lenity arguments regarding the 100-to-1 ratio are foreclosed by this circuit's precedent. See United States v. Carter, No. 96-1329, 1996 WL 453275, at *2-*3 (8th Cir. Aug. 13, 1996) (per curiam) (equal protection); United States v. Crawford, 83 F.3d 964, 965-66 (8th Cir. 1996) (rule of lenity), petition for cert. filed, (U.S. Aug. 9, 1996) (No. 96-5557).

---

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

We next conclude the district court did not clearly err in denying Clary an acceptance-of-responsibility reduction, as he did not show he "clearly demonstrate[d] a recognition and affirmative acceptance of personal responsibility for his criminal conduct." See U.S.S.G. § 3E1.1(a); United States v. Thomas, 72 F.3d 92, 93 (8th Cir. 1995) (per curiam) (standard of review). We note Clary does not dispute he used cocaine while on pretrial supervision. See Thomas, 72 F.3d at 93. Clary's voluntary admission of the conduct comprising his offense of conviction does not automatically entitle him to the reduction. See United States v. Hawkins, 78 F.3d 348, 352 (8th Cir. 1996), petition for cert. filed, (U.S. June 1, 1996) (No. 95-9212). Further, conduct resulting in an obstruction-of-justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," U.S.S.G. § 3E1.1, comment. (n.4), and Clary has not shown this is an extraordinary case in which both adjustments apply. See United States v. Anderson, 68 F.3d 1050, 1056 (8th Cir. 1995). Because Clary's Guidelines range therefore exceeded the mandatory-minimum sentence, the district court properly concluded section 5C1.2 did not apply. See U.S.S.G. § 5C1.2; United States v. Goodwin, 72 F.3d 88, 90 (8th Cir. 1995) (safety-valve provision provides relief when mandatory-minimum sentence is greater than applicable guideline sentence).

Finally, we need not address the arguments Clary raises for the first time on appeal, concerning double jeopardy, due process, and sufficiency of the evidence. See Goodwin, 72 F.3d at 91.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.