104 F.3d 364
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Duane Alan BOLTON, Appellant.
UNITED STATES of America, Appellee,
v.
John Daniel VELARDE, Appellant.
 Nos. 96-2956, 96-3052.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 15, 1996.
Filed Dec. 2, 1996.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duane Alan Bolton and John Daniel Velarde challenge the sentences imposed by the district court[1] after they each pleaded guilty, pursuant to written plea agreements, to one count of conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. Defendants' plea agreements provided for acceptance-of-responsibility reductions under U.S. Sentencing Guidelines Manual § 3E1.1 (1995). The district court denied the reductions because both defendants tested positive for drug use while on bond. The court sentenced Bolton to 78 months' imprisonment and four years' supervised release, and Velarde to 166 months' imprisonment and four years' supervised release. On appeal, Bolton argues that thirty years of drug abuse made him unable to stop using drugs while on bond, and Velarde argues that he was entitled to the reduction because his use of marijuana while on bond was not related to conspiring to distribute methamphetamine.
 
 
 2
 The district court did not clearly err in denying either Bolton or Velarde acceptance-of-responsibility reductions. See U.S. Sentencing Guidelines Manual § 3E1.1; United States v. Evans, 51 F.3d 764, 766 (8th Cir.1995) (standard of review). We have affirmed decisions denying reductions because a defendant tested positive for drug use while on pretrial release; whether a defendant's continued drug use involved drugs other than those involved in the offense of conviction is inconsequential. See United States v. Thomas, 72 F.3d 92, 93 (8th Cir.1995) (per curiam) (defendant pleaded guilty to conspiracy to distribute marijuana, but tested positive for various drugs while released on bond; no clear error in district court's denial of § 3E1.1 reduction given defendant's continued drug use); cf. United States v. Simpson, 7 F.3d 813, 819 (8th Cir.1993) (drug dependency does not provide independent basis for downward departure; post-offense rehabilitative efforts relevant to determining whether defendant qualifies for decrease based on acceptance of responsibility).
 
 
 3
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri