United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3795
_____

United States of America,      *
     *
           Appellee,      *
     *    Appeal from the United States
       v.      *    District Court for the
     *    Eastern District of Arkansas.
Donny Lamer Canady,      *
     *     **[UNPUBLISHED]**
           Appellant.      *

_____

Submitted: June 3, 1997

Filed: June 24, 1997
_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Donny Lamer Canady pleaded guilty to possessing more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the district court[1] sentenced him to 121 months imprisonment and five years supervised release. Canady appeals his conviction and sentence. We affirm.

---

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas.

Canady first challenges the denial of his motion to withdraw his guilty plea. A district court may permit withdrawal of a guilty plea before sentence is imposed "if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). Upon reviewing the record (including the plea-hearing transcript), and upon considering Canady's unsupported assertion of innocence, the timing of his motion, and the district court's conclusion that the government would be prejudiced by having to reindict Canady on a dismissed weapons count, we are persuaded that the district court did not abuse its discretion in denying the motion. See United States v. Yell, 18 F.3d 581, 582 (8th Cir. 1994) (standard of review); United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991) (listing factors relevant to decision whether to allow defendant to withdraw guilty plea), cert. denied, 504 U.S. 921 (1992).

Next, Canady argues that the disparity between the Guidelines penalties for crack- and powder-cocaine offenses violates his right to due process and equal protection. These arguments are foreclosed by our prior cases. See United States v. Smith, 82 F.3d 241, 244 (8th Cir.), cert. denied, 117 S. Ct. 154 (1996).

Canady also maintains the government failed to prove the substance involved in his offense was "crack" cocaine as defined in the notes following the drug quantity table in U.S. Sentencing Guidelines Manual § 2D1.1 (1995). Because Canady did not raise this challenge at sentencing, we review only for plain error, see Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 510 U.S. 1075 (1994), and find none. Among other things, the presentence report's uncontested account of Canady's offense conduct characterized the substance that he distributed to a confidential informant and that the informant saw in Canady's residence as "crack cocaine." See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam).

Finally, Canady challenges a criminal history point he received based on an uncounseled misdemeanor conviction for which he had been fined and sentenced to one year of probation. At sentencing, however, Canady offered nothing to support that he

was unconstitutionally denied counsel for the conviction. See United States v. Early, 77 F.3d 242, 245 (8th Cir. 1996) (per curiam) (once government has carried initial burden of proving fact of conviction, defendant has burden to show prior conviction was not constitutionally valid). Even assuming he made the showing, the district court properly included the conviction in Canady's criminal history score. See Nichols v. United States, 511 U.S. 738, 748-49 (1994); Scott v. Illinois, 440 U.S. 367, 373 (1979) ("actual imprisonment" is line defining constitutional right to counsel).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.