# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1953

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Tony C. Stafford, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 7, 1998
Filed:  October 14, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Tony C. Stafford pleaded guilty to one count of conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Based on a total offense level of 32 and a Category III criminal history, the presentence report (PSR) recommended a Guidelines imprisonment range of 151 to 188 months.  Stafford sought a downward departure from this Guidelines range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1997), arguing that his Category III criminal history was overstated; the government moved for downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997) and 18 U.S.C. § 3553(e), based on

Stafford's assistance to the government. The district court[1] granted the government's motion and sentenced Stafford to 120 months imprisonment and five years supervised release. Stafford appeals, and we affirm.

Stafford first argues that the district court erred in denying him an acceptance-of-responsibility reduction under U.S. Sentencing Guidelines Manual § 3E1.1 (1997). We conclude the district court did not clearly err in doing so, because, among other things, it is undisputed that Stafford tested positive for methamphetamine use on three occasions while free on bond. See United States v. Thomas, 72 F.3d 92, 93 (8th Cir. 1995) (per curiam); United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (standard of review); United States v. Poplawski, 46 F.3d 42, 42-43 (8th Cir.), cert. denied, 515 U.S. 1109 (1995).

Stafford also argues the district court abused its discretion in denying his departure motion. This argument is not reviewable, because we conclude from our review of the sentencing transcript as a whole that the district court's refusal to depart was discretionary. See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993). We also note Stafford's 120-month sentence is below the sentencing range that would result from a total offense level of 32 and the reduced Category II criminal history he requested (or, for that matter, a Category I criminal history). Cf. United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (where district court departs below applicable Guidelines range with or without challenged offense-level enhancement, this court has consistently held sentence is not reviewable).

Accordingly, we affirm.

---

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.