# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2500

_____

| | | |
|---|---|---|
| Kenny L. Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 15, 1999
Filed: July 26, 1999

_____

Before BOWMAN, HEANEY, and FAGG, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Kenny L. Smith appeals the District Court's denial of his motion to set aside his conviction pursuant to 28 U.S.C. § 2255. Smith claims his constitutional rights have been violated because he was compelled to stand trial before a jury while dressed in identifiable prison clothing or, alternatively, because his trial counsel was ineffective for failing to object to Smith's being tried in identifiable prison clothing.

Smith was convicted of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and he was sentenced to 188 months of imprisonment to be followed by five years of supervised release. This Court upheld

Smith's conviction and sentence on direct appeal. See United States v. Smith, 82 F.3d 241 (8th Cir.), cert. denied, 519 U.S. 856 (1996). Smith then filed this § 2255 motion asserting three grounds for setting aside his conviction. The District Court, without holding an evidentiary hearing, denied the § 2255 motion. A motion to alter or amend the judgment and a motion for relief from judgment also were denied. The District Court granted a certificate of appealability on one issue, the prison-clothing issue.

We will recite only those facts relevant to the present case. For the facts underlying Smith's conviction, see Smith, 82 F.3d at 242-43. On the first day of trial, the District Court held a pre-trial conference, conducted voir dire, impaneled the jury, and gave preliminary instructions to the jury. During these proceedings, Smith was present and wearing prison-issued clothing. The clothing consisted of orange pants and an orange v-neck shirt, but the clothing was not designated as prison clothing by letters, numbers, or other markings. It is disputed whether Smith's attorney objected to Smith's appearing before the members of the jury in prison clothes. From the transcript, it appears that a discussion occurred on the first day of trial regarding Smith's attire, but the context and details of the discussion are not recorded. In the only statement that appears in the record, which follows an off-the-record discussion, the Court states, "Well, we'll go ahead. I mean, maybe we can get him outfitted by tomorrow." Trial Tr. vol. I at 5.

Smith and his trial counsel both have executed affidavits regarding their recollections on this issue. These affidavits conflict in several significant respects. Smith states that his attorney was to arrange for him to be properly attired, whereas his attorney states that Smith had indicated, prior to trial, that he would provide his own clothing. Smith also asserts that when a United States Marshal or a court officer asked where his clothes were, he "told her that [his] attorney was supposed to be taking care of it." Decl. of Kenny L. Smith at ¶ 5. When she returned, she "said that the judge had said to 'bring [him] up anyway.'" Id. at ¶ 6. Smith states that he "vehemently expressed [his] desire to wear street clothes, and not [his] bright orange prison jumpsuit, for trial,"

-2-

but that he was "led to the courtroom anyway." Id. Smith also maintains that he did not "voluntarily choose to wear [his] prison clothes" and that he did not tell his counsel that he "would consent to wearing [his] orange jumpsuit throughout trial." Id. at ¶ 10. Smith's attorney, on the other hand, states that it is his custom and practice to inquire whether a defendant wishes to object to being tried in prison garb and, if so, he would make an appropriate record.

On the second and final day of trial, Smith again wore prison clothing and no objection as to Smith's presence in prison clothes is reflected in the record for that day. Although the District Court in dismissing Smith's § 2255 motion stated that Smith had appeared in prison clothing only during voir dire, both parties agree that the transcript clearly indicates that Smith was wearing his orange prison outfit not only on the first day of trial but also on the second. According to the trial transcript, two police officers testifying at trial on the second day identified Smith by referencing the orange outfit he was wearing. See Trial Tr. vol. II at 31, 101. The District Court was clearly wrong in stating that Smith appeared in prison clothing only during voir dire.

We review de novo the District Court's denial of Smith's § 2255 motion to set aside his conviction. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995). As the motion was denied without an evidentiary hearing, we will affirm only if the motion, files, and records of the case conclusively show that he is not entitled to relief. See id.

Smith alleges that he was compelled to stand trial wearing identifiable prison clothing in violation of his constitutional right to a fair trial. The Supreme Court has held that an accused cannot be compelled "to stand trial before a jury while dressed in identifiable prison clothes." Estelle v. Williams, 425 U.S. 501, 512 (1976). A defendant, however, cannot remain silent and willingly be tried in prison clothes then later claim error. "[T]he failure to make an objection to the court as to being tried in

such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." Id. at 512-13.

The government argues that the orange shirt and pants worn by Smith at trial were not identifiable prison clothes because the clothes were not designated as prison clothing by numbers, letters, or other markings. We disagree. Although the clothes were unmarked, Smith easily would stand out in the courtroom wearing his bright orange shirt and pants. We believe it is virtually certain that jury members would identify the orange outfit worn by Smith as prison garb.

Having carefully reviewed the record, however, we find that Smith did not raise an objection to being tried in prison clothes. For this Court to find the compulsion necessary to establish a constitutional violation, an objection must have been made on the record. Although the transcript reveals that the District Court made a comment as to Smith's attire, we cannot assume that Smith objected to standing trial before a jury based on this stray remark. Finding no objection in the record, we hold that Smith was not compelled to stand trial before a jury while dressed in identifiable prison clothes in violation of his constitutional right to a fair trial.

Smith alternatively argues that his constitutional right to a fair trial was violated because his trial counsel was ineffective for failing to object, or for failing to make an objection on the record, to Smith's standing trial before the jury dressed in prison clothing. Whether Smith was deprived of his right to effective assistance of counsel is analyzed under the familiar two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland's first factor, Smith must show that counsel's conduct "fell below an objective standard of reasonableness." Id. at 688. Counsel must have made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment. See id. at 687. As to the second factor, Smith must show that counsel's alleged ineffectiveness prejudiced the defense. "This requires showing that counsel's

errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.

According to Smith, his counsel's failure to object clearly falls below the minimum level of assistance that counsel must provide to an accused. Because Smith's § 2255 motion was denied without an evidentiary hearing and the District Court made no specific finding on this question, we reverse the District Court's judgment and remand the case for an evidentiary hearing on this question.

As for the second Strickland factor, Smith argues that his prison clothing alerted the jury to his continued incarceration, which undermined the presumption of innocence and thus prejudiced his defense. To support his argument, Smith points to the witnesses' identifications of him as the person wearing the orange outfit and the fact that he testified in his own defense while wearing the orange clothing. Smith also argues that, in this case, prejudice may be presumed. The Supreme Court has stated that prejudice is presumed in certain Sixth Amendment contexts such as the denial of counsel and "various kinds of state interference with counsel's assistance." Id. at 692. This case, however, does not fall within one of these contexts. Rather, because this ineffectiveness claim alleges "a deficiency in attorney performance," it is subject to the "general requirement that the defendant affirmatively prove prejudice." Id. at 693. Smith therefore "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Whether this test has been met presents another question on which the District Court made no specific finding, and we therefore remand the case for a determination of this question as well.[1]

_____

[1]The District Court need not address both components of the Strickland test if it determines that Smith has made an insufficient showing on one. See Strickland, 466 U.S. at 697.

The District Court's judgment is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.