# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3082

_____

| | |
|---|---|
| Marlon Simmons, | * |
| | * |
| Appellant, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| Lynda Taylor; Jeremiah (Jay) Nixon, | *   Western District of Missouri. |
| Attorney General of the State of | * |
| Missouri, | * |
| | * |
| Appellees. | * |

_____

Submitted:  September 16, 1999

Filed:  October 21, 1999

_____

Before BOWMAN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Marlon Simmons appeals from the order of the District Court[1] denying his habeas corpus petition.  This Court granted a certificate of appealability on two issues: "(1) whether the use of a police photo and admission of testimony that the detective obtained the photo from the police records unit was a denial of due process, and (2)

_____

[1] The Honorable ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

whether appellant was denied due process and effective assistance of counsel when he was tried in jail clothing."  We affirm.

## I.

In February 1994, Investigator Lee Richards, an undercover officer with the Kansas City Police Department, made three purchases of cocaine.  On each occasion, the purchase occurred in Investigator Richards's car, allowing him an unobstructed view of the dealer.  On the day of the second purchase, Officer Bradley Thomas conducted a pedestrian check of an individual matching the general description of the dealer in order to ascertain his identity.  The individual claimed to be Marlon Simmons.  After the final sale, Detective Ginger Locke obtained a photograph of Simmons from the police records unit and placed it in a photo lineup.  Investigator Richards identified Simmons as the dealer.

Simmons was charged with three counts of the sale of a controlled substance in circuit court in Jackson County, Missouri.  Although Simmons appeared at trial in "obvious jail garb," counsel made no objection on the record.[2]  Counsel also made no

---

[2] Simmons appeared in jail clothing at a pretrial hearing on April 10, 1995.  The trial court apparently delayed the beginning of the voir dire in order to give Simmons the opportunity to have someone bring him civilian clothes.  See Tr. at 2-3.  But the next day Simmons again appeared in jail clothing:

> THE COURT: Mr. Simmons, yesterday afternoon when we left, I told [defense counsel] to call your friends and relatives so they could deliver clothes for you and [defense counsel] tells me that you said you would call them.
> . . . .
> DEFENDANT SIMMONS: I did call them last night.  I don't know what happened.  They ain't even here yet and I called them.  Said they'd bring them down.

objection when Detective Locke testified that she obtained the photograph of Simmons from the police records unit. The jury found Simmons guilty on all three counts.

Simmons filed a notice of appeal and a Missouri Rule of Criminal Procedure 29.15 motion for postconviction relief. The Missouri Court of Appeals suspended the direct appeal pending the outcome of the 29.15 motion. Among other things, Simmons alleged in his 29.15 motion that his trial counsel was ineffective for failing to object to his being tried in jail clothing. Finding that Simmons "failed to allege facts which, if true, would warrant relief or are allegations which are refuted by the record," the motion court denied the 29.15 motion without an evidentiary hearing.[3] Simmons then appealed the denial of his 29.15 motion, and the state court of appeals consolidated his 29.15 appeal with his direct appeal.

At the state court of appeals, Simmons argued 1) that the trial court erred in allowing a detective to testify that she obtained the photograph of Simmons used in the photo lineup from police records and 2) that the motion court erred in denying the 29.15 motion without an evidentiary hearing. Although Simmons failed to preserve the

---

THE COURT: Go up to the Public Defenders Office and see if they've got any clothes we can borrow. He can change in here. I'll tell the panel we're going to be a little delayed. Let me know right away . . . .
[DEFENSE COUNSEL]: All right.
THE COURT: All right. Take him out in the hallway until they get his clothes down here.

Tr. at 5-6. The record does not indicate anything further at this point, but during the course of the trial, Simmons was dressed in a "dark green uniform." Tr. at 129; see also Tr. at 77, 134, 151.

[3] Under Missouri law, the motion court has the authority to deny a motion for postconviction relief without an evidentiary hearing: "If the court shall determine the motion and the files and records of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." Mo. R. Crim. P. 29.15(h).

error for appeal, the state court of appeals conducted plain error review on the evidentiary issue. Finding no plain error on the first ground and no merit to Simmons's second argument, the state court of appeals affirmed.

Simmons raised both issues again in his pro se habeas corpus petition in the District Court. The District Court reached the merits of both issues but found neither sufficient for relief under the standard of 28 U.S.C. § 2254(d). This Court then granted a certificate of appealability on both issues.

## II.

Simmons first argues that Detective Locke's testimony that she obtained the photograph of Simmons from police records violated Simmons's due process rights. Simmons first raised this argument on direct appeal before the Missouri Court of Appeals. When a state appellate court conducts plain error review on an issue that was not preserved for appeal, there is some question within this Circuit whether the issue has been procedurally defaulted. See Sweet v. Delo, 125 F.3d 1144, 1152 (8th Cir. 1997), cert. denied, 118 S. Ct. 1197 (1998). We need not belabor this question, however, because we find that the state court's decision was not "contrary to . . . clearly established Federal law." 28 U.S.C. § 2254(d)(1); see Harris v. Wyrick, 634 F.2d 1152, 1153 (8th Cir. 1980) (per curiam) (holding that "limited references in the record to police photographs and mugshots, unaccompanied by anything suggesting previous criminal activities, do not appear sufficiently prejudicial so as to be considered fundamentally unfair"), cert. denied, 451 U.S. 916 (1981).

## III.

Simmons next argues that his trial counsel was ineffective for failing to object when he was tried in jail clothing.[4]  The facts relevant to this claim have not been fully developed because the state court denied Simmons's motion for postconviction relief without an evidentiary hearing.  See Smith v. United States, 182 F.3d 1023, 1026 (8th Cir. 1999) (remanding federal habeas case for evidentiary hearing on whether trial counsel was ineffective for failing to object when appellant was tried in jail clothing).

In this case, Simmons was found by the state courts to have procedurally defaulted his opportunity for an evidentiary hearing in the state postconviction proceeding by failing to allege facts sufficient to support his claim.  Simmons does not challenge the adequacy or the independence of this state procedural ground for the denial of an evidentiary hearing.  We must determine, however, whether Simmons is entitled to a federal evidentiary hearing despite this procedural default. Simmons does not contend that there was cause and prejudice to excuse the procedural default.  With the exception of an unsupported claim that he is actually innocent, Simmons does not claim that a fundamental miscarriage of justice would result from failure to hold an evidentiary hearing.  See Schlup v. Delo, 513 U.S. 298, 324 (1995) (requiring "new reliable evidence" of actual innocence to meet fundamental miscarriage of justice exception).  Moreover, even if an evidentiary hearing were held and Simmons were able to show that his trial counsel's failure to object to Simmons's appearing in jail clothing fell below the constitutional standard that the Sixth Amendment requires, the overwhelming weight of the state's evidence of Simmons's guilt would make it impossible for him to demonstrate prejudice under Strickland v. Washington, 466 U.S.

---

[4] To the extent that our certificate of appealability granted review on the question whether the trial of Simmons in jail clothing violated his due process rights, we conclude that Simmons was not compelled to stand trial in jail clothing.  See Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999) ("For this Court to find the compulsion necessary to establish a constitutional violation, an objection must have been made on the record.").

668 (1984).  Accordingly, Simmons is not entitled to an evidentiary hearing, and his ineffective assistance claim therefore must fail.

AFFIRMED.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.