# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3157

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Marcus McIntosh, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 10, 2000

Filed:  January 19, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Marcus McIntosh appeals his jury conviction for possession of cocaine base with intent to distribute. See 21 U.S.C. § 841(a)(1) & (b)(1)(B) (1994). McIntosh contends the trial court should not have admitted certified court documents misidentifying his 1995 state felony possession conviction as a drug trafficking felony because the documents unfairly enhanced the Government's claim that McIntosh intended to distribute cocaine base and unfairly diminished McIntosh's claim that he was merely a drug user. We disagree. When an authorized person certifies facts in public records, the records are admissible under Federal Rules of Evidence 803(8) and 902(4). See

United States v. Lechuga, 975 F.2d 397, 399 (7th Cir. 1992); accord United States v. Aikins, 946 F.2d 608, 614 (9th Cir. 1990). The records "[are] only prima facie evidence of the fact[s] certified and so may be rebutted by the defendants." Id. at 615. Although McIntosh was entitled to present evidence to show the certified state court document was incorrect, he failed to do so. Even if McIntosh had presented rebuttal evidence, we would find no basis for reversal because the record contained ample additional evidence from which the jury could find McIntosh's intent to distribute the cocaine base: (1) McIntosh was convicted in 1987 on federal drug trafficking charges, (2) McIntosh was carrying 31.23 grams of cocaine base when he was arrested, (3) the cocaine base was individually packaged in six baggies, (4) the cocaine base was valued at $3000, and (5) McIntosh testified about his knowledge of drug dealing. See United States v. Alaniz, 148 F.3d 929, 934 (8th Cir.), cert. denied, 119 S. Ct. 604 (1998).

We also reject McIntosh's contention that his constitutional right to a fair trial was violated when he was tried in jail clothing. The record shows the court made every effort to get street clothing for McIntosh and when it became apparent that McIntosh would not have street clothing, the court explained to the jury that McIntosh only wore jail clothing because he failed to make bond. Because McIntosh concedes he did not object to wearing jail clothing at trial, we conclude McIntosh "was not compelled to stand trial before a jury while dressed in identifiable prison clothes in violation of his constitutional right to a fair trial." Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.