**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Essil A. ROGERS, Defendant– Appellant.**

No. 00–3126.

United States Court of Appeals, Seventh Circuit.

Argued June 13, 2001.

Decided June 26, 2001.

Before BAUER, COFFEY, and KANNE, Circuit Judges.

ORDER

Essil Rogers was convicted after a jury trial of conspiracy to distribute cocaine base, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 240 months' imprisonment.

In this direct appeal Rogers challenges the effectiveness of his trial attorney, claiming that his performance was so deficient as to constitute a constructive denial of the right to counsel. We affirm.

The record in this case evidences a chronic lack of punctuality on the part of Rogers's retained trial attorney, Michael Wayne Smith (now deceased). For instance, Smith failed to appear at the first pretrial conference, causing the district court to reschedule it for the next day. When Smith again failed to arrive at the scheduled time; he was sanctioned $100. Smith also did not appear at the final pretrial conference and arrived nearly 1½ hours late on the third day of trial, prompting the district judge to note, "I want the record to show that Mr. Smith has–seems to be habitually late." Smith later explained that he could not drive due to a heart condition and that he was having problems finding a ride. The court nonetheless found Smith negligent and fined him another $100. Smith's chronic tardiness aside, however, the record shows that he actively participated in Rogers's trial–for instance, he made evidentiary objections, presented alibi witnesses, cross-examined the government's witnesses (pointing out possible bias and inconsistencies in their testimony), made a closing argument, and submitted proposed jury instructions.

The jury returned a guilty verdict on August 18, 1999, and sentencing was set for January 4, 2000. Smith, however, failed to appear on the scheduled date. That same day, Rogers submitted a letter to the court, stating that:

> [Mr. Smith] did not represent me at all. As you well know I couldn't get him down here to even discuss my case with me, let alone to show up at court. He wasn't prepared for my representation, plus he didn't get my fifty (50) plus subpoenas out. He never even talked to the people, and I gave him addresses and telephone numbers of everyone. Some of the people told me they didn't get one at all, others got theirs at three [or] four in the mourning [sic]. I asked him to ask the court for a continuance, because, he hadn't got with me to discuss my defense. He told me my request was denied. I'm sure your [sic] well aware that Mr. Smith will not respon[d] to [my] calls or letters. I have filed a complainant [sic] with the Disciplinary Commission and the Bar Association, and I found out theirs [sic] plenty of others that he did wrong. Some of the people he didn't subpoena are very vital to my defense.

The court construed this letter as a motion for new counsel, granted it, and appointed attorney John Delaney to represent Rogers.

On March 31, 2000, Rogers (through Delaney) filed a motion for a new trial pursuant to Fed.R.Crim.P. 33, claiming he received ineffective assistance of counsel. The district court concluded that the motion was untimely, denied it for lack of jurisdiction, and added that Rogers could challenge Smith's alleged ineffectiveness by way of a motion under 28 U.S.C. § 2255. Rogers then filed another Rule 33 motion, presenting evidence that, throughout his representation of Rogers, Smith had been under investigation by the Illinois Attorney Registration and Disciplinary Commission and was later suspended from the practice of law for one year. The district court denied that motion as well, holding that Rogers had not satisfied the requirements of Rule 33's "stringent multistage test ." On August 11 a sentencing hearing was held, at which Delaney was present, and judgment was entered.

■■■ Rogers now appeals on the sole ground that he received ineffective assistance of trial counsel. We have often

cautioned that the preferred method for raising a claim of ineffective assistance is either by bringing a motion for a new trial or a request for collateral relief under 28 U.S.C. § 2255. *See, e.g., United States v. Woolley,* 123 F.3d 627, 634 (7th Cir.1997). This is because ineffective assistance claims usually fall short of finding support in the original trial record, and if such a claim is brought on direct appeal and rejected, any future challenges to the effectiveness of trial counsel will be constrained by the law of the case. *United States v. Hardamon,* 188 F.3d 843, 847 (7th Cir.1999). Apparently aware of these concerns, Rogers asks us to dismiss this appeal "without barring a subsequent § 2255 motion on the same issue" if we "believe[ ] that additional evidence must be added to the record, to establish prejudice or for other reasons." On the other hand, Rogers wishes to proceed with this appeal if we think that ineffective assistance is established on the trial record. As the government correctly notes, however, there is no authority for bringing such a conditional appeal. If an ineffective assistance claim is made on direct appeal and rejected, or not raised and later held waived, the defendant must, either way, live with the consequences. *Guinan v. United States,* 6 F.3d 468, 473 (7th Cir.1993). Although Rogers cites *United States v. Garrett,* 90 F.3d 210, 214–15 (7th Cir.1996), to support the contrary proposition–that we can dismiss a claim of ineffective assistance without prejudice if we determine that the issues raised require an assessment beyond the scope of the trial record–that case involved a situation where an ineffective assistance claim was simply proposed in a defendant's response to his attorney's motion to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). And as we often do in *Anders* cases, we noted that such a claim, if presented on direct appeal, would

not be ripe for adjudication because the trial record did not provide clear evidence of ineffective assistance. That is quite different from dismissing an ineffective assistance claim that was actually raised on appeal, as Rogers proposes we do here.

At oral argument Rogers's attorney, in response to a question from the bench, assured us that Rogers was aware of the consequences of raising a claim of ineffective assistance at this time but wished to proceed nevertheless. We therefore move on to the merits of his claim.

■ Normally, to establish ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient and that he was prejudiced by that deficient performance. *Kitchen v. United States,* 227 F.3d 1014, 1019–20 (7th Cir.2000). Here, Rogers concedes that the trial record does not demonstrate prejudice but argues that Smith's performance was so deficient that prejudice must be presumed. In support of this argument, Rogers points to Smith's chronic tardiness and his alleged failure to meet with Rogers, conduct an adequate pretrial investigation, subpoena favorable witnesses, and elicit alibi testimony.

A presumption of prejudice is warranted when a defendant has been actually or constructively denied counsel at a critical stage of his trial. *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *United States v. Oliver,* 118 F.3d 562, 565 (7th Cir.1997). Neither of these exceptions applies in this case. First, although Smith missed two pretrial conferences, was late to trial, and did not appear at the originally scheduled sentencing hearing, the record discloses no instance where any proceeding took place without either Smith or Delaney being present. Rogers therefore cannot argue

that he was actually denied counsel at a "critical stage."

Nor can Rogers show that he was constructively denied counsel. Cases finding an inherently prejudicial constructive absence of counsel mostly involve egregious conduct that is the functional equivalent of actual absence of counsel. *See, e.g., Hull v. Kyler,* 190 F.3d 88, 112 (3d Cir. 1999) (prejudice presumed where counsel conceded that defendant was competent to stand trial despite strong evidence to the contrary); *Tucker v. Day,* 969 F.2d 155, 159 (5th Cir.1992) (failure of defendant's attorney to provide any assistance at re-sentencing hearing was constructive denial of right to counsel); *Martin v. Rose,* 744 F.2d 1245, 1250–51 (6th Cir.1984) (prejudice presumed where counsel was present but refused to participate in defendant's trial). That is not the situation here. Rather, the record shows that Smith actively participated in the proceedings below: he made evidentiary objections, presented witnesses, cross-examined the government's witnesses, made a closing argument, and submitted proposed jury instructions. In short, this is not the type of egregious case where counsel has "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," *Cronic,* 466 U.S. at 659, 104 S.Ct. 2039, and so prejudice cannot be presumed. *See Kitchen,* 227 F.3d at 1020 (a presumption of prejudice is warranted only in the most egregious cases of ineffective assistance, i.e., those in which prejudice "is so likely that case-by-case inquiry into prejudice is not worth the cost") (quotation marks and citation omitted); *United States v. Morrison,* 946 F.2d 484, 500 n. 3 (7th Cir.1991) (prejudice not presumed despite counsel's failure to pursue and present an alibi defense, where he did cross-examine witnesses, impeaching them based on their prior testimony and their potential for bias); *Smith v. United States,* 182 F.3d 1023, 1026 (8th Cir.1999)

(an ineffectiveness claim alleging "a deficiency in attorney performance" is subject to the general requirement that the defendant affirmatively prove prejudice); *Cooks v. Ward,* 165 F.3d 1283, 1296 (10th Cir.1998) (despite counsel's failures at trial, prejudice could not be presumed where he was present in the courtroom, conducted limited cross-examination, made objections, and gave a closing argument); *Houchin v. Zavaras,* 107 F.3d 1465, 1471 (10th Cir.1997) (prejudice could not be presumed despite trial errors of counsel).

Finally, even assuming that Rogers's allegations, if true, would establish a constructive denial of the right to counsel, he has presented no evidence to support many of his claims (for instance, those relating to Smith's alleged failure to meet with him, conduct an adequate pretrial investigation, and subpoena favorable witnesses). Rogers seems to think that his bare accusations are "evidence," but he overlooks numerous decisions of this court stating that "conclusory allegations" without more cannot establish a Sixth Amendment violation. *See, e.g., United States v. Asubonteng,* 895 F.2d 424, 429 (7th Cir. 1990).

AFFIRMED.