# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3652

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Roman A. Rojas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   November 20, 2003

Filed:   January 28, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Roman A. Rojas appeals from the judgment of conviction entered and the sentence imposed by the district court[1] on the jury's finding of guilt on the numerous counts of distribution of cocaine, marijuana and methamphetamine charged under 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute charged under 21 U.S.C. § 846.  With the exception of two of the counts of conviction, we affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

I.

Rojas challenges the sufficiency of the evidence generally, but focuses particularly on count two. To evaluate sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We view the evidence in the light most favorable to the guilty verdict and accept all reasonable inferences that may be drawn from the evidence. United States v. Smith, 32 F.3d 1291, 1292 (8th Cir. 1994).

We conclude that there was sufficient evidence for the jury to find that Rojas committed the offenses charged in counts 1, 2, 5, 6, 7, 8, 9, 11, 12, 14, 16, 17, 19, 20, 22, 23, 24, 25, and 28. The government acknowledges, however, and we agree, that there is insufficient evidence to support the convictions on counts 10 and 41, for in those two situations the amount of methamphetamine that Rojas sold was less than the statutorily required five grams specified by 21 U.S.C. § 841(b)(1)(B)(viii). The government does not request that we exercise our authority under 28 U.S.C. § 2106 to reduce the convictions on counts 10 and 41 to convictions on the lesser-included offense of 21 U.S.C. § 841(b)(1)(C), see United States v. Franklin, 728 F.2d 994, 1000-01 (8th Cir. 1984), and vacating the convictions in this case will not affect the term of imprisonment. Accordingly, we order that the convictions on those counts be vacated and the judgment modified to reflect the change. Likewise, we order that the special assessment be reduced from $2,100.00 to $1,900.00. See 18 U.S.C. § 3013(a)(2)(A).

This change in the judgment does not alter Rojas's term of imprisonment. It is appropriate under the Sentencing Guidelines, if the result is "adequate to achieve the total punishment," for the district court to sentence the defendant according to the count with the highest statutory maximum and direct that the sentences on other counts shall run concurrently. U.S. Sentencing Guidelines Manual § 5G1.2(c) (2003). Here, the district court sentenced Rojas on count one and ordered each of the

sentences for the other counts to run concurrently with it. We therefore affirm the sentence of 405 months. See United States v. Evans, 314 F.3d 329, 331-32 (8th Cir. 2002).

Contrary to Rojas's contention, there is sufficient evidence to support the conviction on count two for aiding and abetting under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The elements of aiding and abetting with intent to distribute drugs are: "(1) that the defendant associated himself with the unlawful venture; (2) that he participated in it as something he wished to bring about; and (3) that he sought by his actions to make it succeed." United States v. McCracken, 110 F.3d 535, 540 (8th Cir. 1997) (citation omitted). Detective Grubb testified that, while working undercover, he went with the confidential informant to purchase cocaine at Rojas's residence. Detective Grubb parked his car across the street while the informant got out and called for Rojas, who came to the window. The informant went inside and returned about five minutes later with a bag of cocaine. Detective Grubb also confirmed that a car then parked in front of the apartment belonged to Rojas. A jury could reasonably conclude, based on Detective Grubb's testimony and the physical evidence, that Rojas knew that drugs were being sold and that he intentionally provided his apartment as a location for their sale.

We also conclude that it was reasonable for the jury to credit the testimony of government witnesses who testified they had participated in drug transactions with Rojas. There was also substantial evidence of a conspiracy. To prove a conspiracy, the government must prove the defendant knew of and knowingly participated in an agreement between two or more persons to accomplish an illegal purpose. See United States v. Munoz, 324 F.3d 987, 990 (8th Cir. 2003). The agreement need not be explicit, but may be inferred from circumstantial evidence. Smith, 32 F.3d at 1293. In this case, the testimony reasonably supported the conclusion that Rojas both knew and worked in the drug trade with several of the other ten co-conspirators listed in count one.

## II.

A prisoner may not be compelled to go to trial in prison clothing. <u>Estelle v. Williams</u>, 425 U.S. 501, 504-05 (1976). Due process is satisfied, however, so long as there is not actual compulsion, a determination the reviewing court makes on a case-by-case basis. <u>Id.</u> at 507-08. If the defendant does not object, he has not been compelled. <u>Id.</u> at 512-13; <u>Smith v. United States</u>, 182 F.3d 1023 (8th Cir. 1999). If a defendant does not timely object, he may also have waived his right to appear in civilian dress. <u>United States v. Martin</u>, 964 F.2d 714, 719 (7th Cir. 1992). Any objection should be made before any trial proceedings have commenced, so that custodial officers and court authorities are provided with adequate time to make the necessary arrangements. <u>Id.</u>

On the morning the trial was to begin, Rojas raised the issue before the court and stated that he had attempted but had been unable to obtain non-prison garb. The court questioned him about his efforts and allowed him to make an additional call to his mother. Rojas then admitted that his family had not cooperated with him and agreed to go forward clad as he was. We conclude under these facts that Rojas was not compelled to go to trial in prison clothing. His request was untimely, the district court gave him the opportunity to try to obtain different clothes, and Rojas ultimately agreed to proceed in his prison clothes.

## III.

We reject as unfounded Rojas's contention that the district court failed to honor his right to allocution at sentencing afforded him by Fed. R. Crim P. 32(i)(4)(A). Rojas contends that he was not given an opportunity to speak "to mitigate the sentence" and was therefore deprived of the opportunity to persuade the court that a two-level increase was not warranted. The record belies this contention. After listening to arguments by counsel, the district court addressed Rojas as follows: "I want to give you an opportunity to make any statement you want to make in

mitigation of punishment. So, you go ahead, Mr. Rojas." It was only after Rojas had expressed his views and concerns that the district court pronounced the sentence.

We decline to address Rojas's claim of ineffective assistance of counsel. Such a claim may be considered on direct appeal only in those exceptional cases in which there is a fully-developed record or in which a miscarriage of justice would otherwise result. United States v. Soriano-Hernandez, 310 F.3d 1099, 1105 n.9 (8th Cir. 2002). Neither exception applies in this case, and so Rojas should utilize the procedure provided by 28 U.S.C. § 2255 if he desires to pursue an ineffective assistance claim.

As modified, the judgment of conviction is affirmed, as is the sentence.

_____